








```
AXR    1/28/03    8:24
3:02-CV-02460    LINDOWS.COM INC V. XANDROS INC
*13*
*RESP.*
```

MICHAEL S. KAGNOFF, State Bar No. 167613
COLBERN C. STUART, III, State Bar No. 177897
BROBECK, PHLEGER & HARRISON LLP
12390 El Camino Real
San Diego, CA 92130-2081
Telephone: (858) 720-2500
Facsimile: (858) 720-2555

Attorneys for Plaintiff LINDOWS.COM, INC.

FILED
03 JAN 27 PM 5:43

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDOWS.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>XANDROS, INC., a Delaware corporation; LINUX GLOBAL PARTNERS, INC., a Delaware corporation; MICHAEL BEGO, an individual; WILLIAM JAY ROSEMAN, an individual.<br><br>Defendants. | Case No. 02 CV 2460 BTM(RBB)<br><br>**PLAINTIFF LINDOWS.COM'S RESPONSES TO DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND DEFENDANTS' OBJECTION TO REQUEST FOR ENTRY OF DEFAULT** |

Plaintiff Lindows.com, Inc. ("Lindows.com") hereby submits this very brief response to Defendants Xandros, Inc. ("Xandros"), Linux Global Partners, Inc. ("LGP"), Michael Bego ("Bego") and William Roseman's ("Roseman") Ex Parte Application For Extension of Time to Respond to Complaint ("Application") and concurrently-filed Objection To Plaintiff's Request For Entry Of Default ("Objection").

In their joint Application, the corporate defendants Xandros and LGP admit that they were properly served in late December, 2002, first contacted this Court approximately three weeks ago on January 9, 2003, and first retained counsel (after nearly a month of delay) over one week ago. Defendants also admit that they were aware of their duty to respond to the Complaint in a timely manner after Plaintiff declined Defendant Xandros' request for

SDILIB1\CS05\
475193.01

02 CV 2460 BTM(RBB)

additional time to respond to the Complaint on January 9, 2003.[1] Yet, despite admitting an intentional and knowing failure to timely respond to the Complaint, Defendants ask this court's tolerance of even further delay by granting an additional twenty days to respond to the Complaint.

Plaintiff respectfully requests that the Court deny Defendants' request for further delay. Granting Defendants' additional time does not serve the interest of justice and will only serve to reward Defendants for intentionally flaunting their obligations under the Federal Rules of Civil Procedure. Even more disconcerting for Lindows.com, further delay will permit the Defendants to propagate the ongoing hardship imposed by their tortious and wrongful activities to date; Defendants' bad faith tactics in refusing to pay amounts due under the Convertible Securities (which are the subject of this Action) has deprived Lindows.com, a start-up Linux software developer competing with the likes of industry behemoth Microsoft Corporation, of over one-half million dollars of capital which, in lean times such as these, is vital to the survival of this fledgling company. Plaintiff submits that interests of justice would best be served by refusing to countenance Defendants' intentional delay, improper procedure, and misrepresentations to the Court, the Plaintiff, and Plaintiff's counsel.

Moreover, Defendants' Application fails to satisfy the standard for granting an extension of time to plead under Local Rule 12.1, which requires a showing of "good cause." Defendants' argument that "good cause" exists is no proof of good cause at all; even though Xandros and LGP were properly served well over one month ago and were

---

[1] As detailed in the Declaration of Michael Kagnoff, submitted in support of Plaintiff's Request for Entry of Default filed on January 17, 2003 and attached hereto as Exhibit "A", Plaintiff declined Defendants' request only after Defendants' repeated misrepresentations to Plaintiff, Plaintiff's counsel, and eventually to this Court. These misrepresentations concerned the facts and circumstances underlying this case, including misrepresentations regarding the dates of service of the Complaint and service of Defendant Xandros' first ex parte request for additional time to respond to the Complaint. Defendants' bad faith tactics are intended to delay this action further and thereby to increase the ongoing hardship imposed on Plaintiff due to Defendants' conduct.

refused additional time to respond by this Court three weeks ago, because they delayed *even further* in retaining counsel, they now "need" an *additional* twenty days to respond. Far from constituting proof of "good cause," these facts actually show that no "good cause" exists, because Defendants have knowingly and in bad faith failed to proceed diligently in this Action, causing additional hardship to Plaintiff.

      Defendants' Application and Objection also contain an incorrect statement of law. After service of the original Complaint on the corporate defendants, Plaintiff filed a First Amended Complaint as a matter of right under F.R.C.P. Rule 15(a), adding a single cause of action for breach of a third Convertible Security. It is not the case, as Defendants claim in their Application and Objection, that the First Amended Complaint became the "operative pleading" upon filing. Where an amended complaint is filed by a party, the amended pleading is not "operative" *until it is served on the adverse party. See, e.g., Doe v. Unocal Corp.* (CD CA 1998) 27 F.Supp.2d 1174, 1180, aff'd (9th Cir. 2001) 248 F.3d 915, 920. Plaintiff has yet to serve the First Amended Complaint and, as such, the original Complaint remains the "operative pleading" to which a response by Defendants is well overdue. It is therefore hardly "gamesmanship", as Defendants blithely claim, to require that Defendants respond to the operative pleading in a timely manner.

      Finally, Defendants raise a claim which, though not relevant to the merits of Defendants' motion, must be rebutted as it contains yet another clear misrepresentation. Defendants erroneously claim or imply that the dispute underlying this Action is subject to an arbitration clause. It is not. Attached to the accompanying Declaration of Colbern C. Stuart as Exhibits "B" and "C" are the two Convertible Promissory Notes which form the basis of a number of the causes of action in the Complaint. As is plain from a reading of those Convertible Notes, *there is no arbitration clause therein* such that a dispute arising from them is not subject to arbitration. Defendants are apparently referring to an arbitration clause which exists in another agreement existing between *only one of the defendants,* Xandros, and the Plaintiff. Yet, because this action is not related to the agreement containing the arbitration clause, and because three of the four defendants are not even

parties to this unrelated agreement, Defendants' claim that this dispute is subject to an arbitration clause is meritless.

Plaintiff respectfully requests that the Court deny Defendants' Ex Parte Application and overrule Defendants' Objection. In the event that the Court is inclined to entertain Defendants' belated request for relief, because of the delay which already has occurred, and because of the ongoing hardship borne by the Plaintiff, Lindows.com respectfully requests that the Court order all Defendants to respond immediately to the Complaint within three days.

DATED: January 27, 2003                    BROBECK, PHLEGER & HARRISON LLP

By _____
Michael S. Kagnoff
Attorneys for Plaintiff
LINDOWS.COM, INC.