USDC SCAN INDEX SHEET

0624Page 1 of 24

















AXR   1/28/03   8:27

3:02-CV-02460   LINDOWS.COM INC V. XANDROS INC

*14*

*DECL.*

1  MICHAEL S. KAGNOFF, State Bar No. 167613
   COLBERN C. STUART, III, State Bar No. 177897
2  BROBECK, PHLEGER & HARRISON LLP
   12390 El Camino Real
3  San Diego, CA 92130-2081
   Telephone: (858) 720-2500
4  Facsimile: (858) 720-2555

5

6  Attorneys for Plaintiff LINDOWS.COM, INC.

7

FILED

03 JAN 27 PM 5:43

BY: _____ DEPUTY

**ORIGINAL**

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  LINDOWS.COM, INC., a Delaware          )  **Case No.  02 CV 2460 BTM(RBB)**
    corporation,                          )
11                                        )  **DECLARATION OF COLBERN C.**
                                          )  **STUART IN SUPPORT OF PLAINTIFF**
12              Plaintiff,                 )  **LINDOWS.COM'S RESPONSES TO**
                                          )  **DEFENDANTS' EX PARTE**
13        v.                              )  **APPLICATION FOR EXTENSION OF**
                                          )  **TIME TO RESPOND TO COMPLAINT**
14  XANDROS, INC., a Delaware corporation; )  **AND DEFENDANTS' OBJECTION TO**
    LINUX GLOBAL PARTNERS, INC., a        )  **REQUEST FOR ENTRY OF DEFAULT**
15  Delaware corporation; MICHAEL BEGO, an )
    individual; WILLIAM JAY ROSEMAN,  an  )
16  individual.                           )
                                          )
17              Defendants.                )
                                          )
    _____)

18

19        I, Colbern C. Stuart, declare as follows:

20        1.     I am an attorney licensed to practice in the State of California.  I am an

21  associate with the law firm of Brobeck, Phleger & Harrison LLP of San Diego, California

22  the attorneys for record for Plaintiff LINDOWS.COM.

23        2.     Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's

24  Request For Entry Of Default and Declaration of Michael S. Kagnoff in support thereof.

25        3.     Attached hereto as Exhibit "B" is a true and correct copy of the November

26  20, 2001 Promissory Note.

27        4.     Attached hereto as Exhibit "C" is a true and correct copy of the December 6,

28  2001 Promissory Note.

SDILIBI\CS05\
475105.1

02 CV 2460 BTM(RBB

1        I declare under penalty of perjury of the laws of the United States that the foregoing

2    is true and correct.

3

Dated:  January 27, 2003

4    _____

Colbern C. Stuart

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SDILIB1\CS05\
475105.01

02 CV 2460 BTM(RBB

**EXHIBIT A**

1  MICHAEL S. KAGNOFF, State Bar No. 167613
   COLBERN C. STUART, III, State Bar No. 177897
2  BROBECK, PHLEGER & HARRISON LLP
   12390 El Camino Real
3  San Diego, CA 92130-2081
   Telephone: (858) 720-2500
4  Facsimile: (858) 720-2555

**FILED**

**JAN 1 7 2003**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

5

6  Attorneys for Plaintiff LINDOWS.COM, INC.

7

8              UNITED STATES DISTRICT COURT          COPY

9              SOUTHERN DISTRICT OF CALIFORNIA

10  LINDOWS.COM, INC., a Delaware          ) Case No.  02 CV 2460 BTM(RBB)
    corporation,                          )
11                                        ) REQUEST FOR ENTRY OF DEFAULT
                   Plaintiff,             ) AGAINST DEFENDANTS XANDROS,
12                                        ) INC. AND LINUX GLOBAL
           v.                             ) PARTNERS, INC.
13                                        )
    XANDROS, INC., a Delaware corporation; )
14  LINUX GLOBAL PARTNERS, INC., a        )
    Delaware corporation; MICHAEL BEGO, an)
15  individual; WILLIAM JAY ROSEMAN,  an  )
    individual.                           )
16                                        )
                   Defendants.            )
17  _____  )

18

19         Plaintiff LINDOWS.COM, INC. ("Lindows.com") by and through its

20  undersigned attorneys, hereby requests that the Clerk of the above-entitled court enter

21  default in this matter against defendants XANDROS, INC. ("Xandros") and LINUX

22  GLOBAL PARTNERS, INC. ("LGP") for failure to appear or otherwise respond to the

23  Complaint within the time prescribed by the Federal Rules of Civil Procedure.

24         Lindows.com served its Complaint for violation of the Securities Exchange

25  Act of 1934, fraud, negligent misrepresentation, breach of contract, and rescission on

26  defendant Xandros on December 23, 2002 and on defendant LGP on December 24, 2002,

27  as evidenced by the Proofs of Service of Summons and Complaint on file with this Court

28  and attached to the Declaration of Michael S. Kagnoff as Exhibits A and B, respectively.

EXH A PG 3

SDILIB1\JC08\
473754.01

02 CV 2460 BTM(RBB
REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS XANDROS. INC. AND LINUX GLOBAL PARTNERS, INC.

1    Defendants Xandros and LGP were required to respond to the Complaint on

2    January 13, 2003 (the first court day after the 20 day response deadline provided for under

3    the Rules). As of this date, neither Xandros nor LGP have responded to the Complaint.

4    On January 9, 2003 Xandros acknowledged service of the Summons and

5    Complaint, but requested, by an ex parte letter to the Court which was not properly served

6    on the Plaintiff, a thirty-day extension of time to respond to Complaint. The Court denied

7    this request on January 14, 2003. As detailed in the Declaration of Michael S. Kagnoff,

8    Xandros, has exhibited a history and pattern of bad faith tactics and delay in past

9    interactions with Plaintiff and Plaintiff's counsel regarding the subject of this Action.

10   Because of this history and pattern of delay and evasion by Defendant Xandros, on January

11   10, 2003, Plaintiff Lindows.com declined Xandros' informal request for an extension of

12   time to answer the Complaint. Plaintiff has nevertheless, waited until January 17, 2003 to

13   file this request despite Defendant Xandros' past history of delay and the financial burdens

14   on Lindows.com which are propagated by additional delay.

15   Defendant LGP has not communicated with Plaintiff or, to the best of

16   Plaintiff's knowledge, communicated with the Court requesting additional time to respond.

17   The above-stated facts are set forth in the accompanying Declaration of

18   Michael S. Kagnoff, filed herewith.

19

20   Plaintiff Lindows.com therefore respectfully requests that the Court enter the

21   default of Defendant Xandros, Inc. and Linux Global Partners, Inc.

22

23   DATED: January __17__, 2003          BROBECK, PHLEGER & HARRISON LLP

24

25                                       By _____

26                                          Michael S. Kagnoff
                                            Attorneys for Plaintiff
27                                          LINDOWS.COM, INC.

28

ExH __A__ PG __4__
2

FILED

JAN 1 7 2003

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  MICHAEL S. KAGNOFF, State Bar No. 167613
   COLBERN C. STUART, III, State Bar No. 177897
2  BROBECK, PHLEGER & HARRISON LLP
   12390 El Camino Real
3  San Diego, CA 92130-2081
   Telephone: (858) 720-2500
4  Facsimile: (858) 720-2555

5

6  Attorneys for Plaintiff LINDOWS.COM, INC.

7

COPY

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  LINDOWS.COM, INC., a Delaware       ) Case No.  02 CV 2460 BTM(RBB)
    corporation,                        )
11                                      ) DECLARATION OF MICHAEL S.
                                        ) KAGNOFF IN SUPPORT OF
12              Plaintiff,              ) PLAINTIFF LINDOWS.COM'S
                                        ) REQUEST FOR ENTRY OF DEFAULT
13        v.                            ) AGAINST DEFENDANTS XANDROS,
                                        ) INC. AND LINUX GLOBAL
14  XANDROS, INC., a Delaware corporation; ) PARTNERS, INC.
    LINUX GLOBAL PARTNERS, INC., a      )
15  Delaware corporation; MICHAEL BEGO, an )
    individual; WILLIAM JAY ROSEMAN, an )
16  individual.                         )
                                        )
17              Defendants.            )
    _____)

18

19        I, Michael S. Kagnoff, declare and state as follows:

20        1.    I am an attorney licensed to practice in the State of California and before the

21  United States District Court for the Southern District of California.  I am an attorney of

22  record for LINDOWS.COM, INC. ("Lindows.com"), Plaintiff in this action, and a Partner

23  of the law firm of Brobeck, Phleger & Harrison LLP of San Diego, California.  I have

24  personal knowledge of all facts contained herein and, if called to testify, could and would

25  competently testify thereto.

26        2.    Lindows.com served its Complaint for violation of the Securities Exchange

27  Act of 1934, fraud, negligent misrepresentation, breach of contract, and rescission on

28  defendant XANDROS, INC. ("Xandros") on December 23, 2002.  Attached hereto as

EXH A PG 5

SDILIB1\UC08\
473756.01

02 CV 2460 BTM(RBB)
DECLARATION OF MICHAEL S. KAGNOFF IN SUPPORT OF LINDOWS.COM'S REQUEST FOR ENTRY OF DEFAULT

1    Exhibit "A" is a true and correct copy of the Proof of Service of the Summons and

2    Complaint served on XANDROS.

3        3.    Lindows.com served its Complaint for violation of the Securities Exchange

4    Act of 1934, fraud, negligent misrepresentation, breach of contract, and rescission on

5    defendant LINUX GLOBAL PARTNERS, INC. ("LPG") on December 24, 2002.

6    Attached hereto as Exhibit "B" is a true and correct copy of the Proof of Service of the

7    Summons and Complaint served on LPG.

8        4.    Defendants Xandros and LGP were required to respond to the Complaint on

9    January 13, 2003 (the first business day after the 20 day response deadline provided for

10   under the Rules).  As of this date, neither Xandros nor LGP have responded to the

11   Complaint.

12       5.    By letter dated January 9, 2003, Xandros Co-Chairman Frederick Berenstein

13   acknowledged service of the Summons and Complaint, but requested, via an ex parte

14   communication in violation of Local Rule 83.9 which was not properly served on the

15   Plaintiff, a thirty-day extension of time to respond to Complaint.  The Court denied this

16   request on January 14, 2003.

17       6.    By letter dated January 9, 2002, Xandros' Co-Chairman Berenstein also

18   requested that Lindows.com agree to stipulate to an additional 30-day extension of time to

19   respond to the Complaint.  After conferring with my client regarding Xandros' request,

20   Lindows.com advised me that Xandros had acted in bad faith on several past occasions in

21   requesting extensions of time or other courtesies only to use the courtesies granted to cause

22   additional harm to Lindows.com or to propagate further delay.

23       7.    I have also personally witnessed Xandros' bad faith/delay tactics on several

24   occasions relating to the Convertible Securities which are the subject of this lawsuit.  One

25   example of such tactics was Xandros' misrepresentation to this Court in its January 9 ex

26   parte letter, in which Xandros represented that it had served my office with a copy of it's ex

27   parte letter via facsimile.  This representation was untrue as this office did not receive a

28   facsimile on January 9, and did not receive a copy of Xandros' ex parte letter until January

EXH A PG 6    2

1    10, the day *after* defendant's ex parte request to the Court.

2        8.    Xandros also misrepresented to the Court in its January 9 letter that it was

3    served with the Summons and Complaint "on Christmas Eve" in an apparent attempt to

4    gain sympathy from the Court and cast Lindows.com as serving papers before a holiday to

5    gain tactical advantage.  In fact, Xandros was served on December 23, 2002 (as indicated in

6    the Proof of Service attached hereto as Exhibit "A") and, moreover, was warned by

7    Lindows.com on *two separate occasions* prior to the filing of this lawsuit, by letters dated

8    November 20 and December 6, 2002, that Lindows.com would be forced to take legal

9    action if Xandros failed to honor its obligations under the Convertible Promissory Notes

10   which are the subject of several causes of action in the Complaint.

11       7.    Because of this history and pattern of delay and evasion by Defendant

12   Xandros, Plaintiff Lindows.com instructed me to deny Xandros informal request for an

13   extension of time to answer the Complaint.  Because it was apparent to me from this and

14   other information that Xandros' request was yet another bad faith attempt to delay

15   resolution of this matter, and because any further delay in this matter causes significant

16   hardship to my client, which has been defrauded of over $750,000 by defendants, I notified

17   Xandros that Lindows reasonably declined its request to extend Xandros' time to respond

18   to the Complaint by letter dated January 10, 2003.  Lindows has nonetheless waited an

19   additional four days, until today, January 17, 2003, to file this Request, to allow Xandros

20   reasonable time respond.  As of this date, to the best of my knowledge, Xandros has yet to

21   respond to the Complaint.

22       8.    Defendant LGP has not communicated with this office or, to the best of my

23   knowledge, communicated with the Court requesting additional time to respond, but has yet

24   to respond to the Complaint.

25   ///

26   ///

27   ///

28

Exh **A** Pg **1**

3

02 CV 2460 BTM(RBB)
DECLARATION OF MICHAEL S. KAGNOFF, IN SUPPORT OF LINDOWS.COM'S REQUEST FOR ENTRY OF DEFAULT

1       I declare under penalty of perjury under the laws of the United States of America

2   that the foregoing is true and correct.

3

4       Executed this ___17___ day of January, 2003 at San Diego, California.

5

6                              _____

7                              Michael S. Kagnoff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ExH A PG 8

4

02 CV 2460 BTM(RBB)

DECLARATION OF MICHAEL S. KAGNOFF, IN SUPPORT OF LINDOWS.COM'S REQUEST FOR ENTRY OF DEFAULT

1  MICHAEL S. KAGNOFF, State Bar No. 167613
   COLBERN C. STUART, III, State Bar No. 177897
2  BROBECK, PHLEGER & HARRISON LLP
   12390 El Camino Real
3  San Diego, CA 92130-2081
   Telephone: (858) 720-2500
4  Facsimile: (858) 720-2555

5

6  Attorneys for Plaintiff LINDOWS.COM, INC.

7

FILED

03 JAN 13 PM 4: 18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

COPY

10  LINDOWS.COM, INC., a Delaware        ) Case No.  02 CV 2460 BTM(RBB)
    corporation,                         )
11                                       ) PROOF OF SERVICE OF SUMMONS
                                         ) AND COMPLAINT (XANDROS, INC.,
12              Plaintiff,               ) A DELAWARE CORPORATION)
                                         )
13       v.                              )
                                         )
14  XANDROS, INC., a Delaware corporation; )
    LINUX GLOBAL PARTNERS, INC., a       )
15  Delaware corporation; MICHAEL BEGO, an )
    individual; WILLIAM JAY ROSEMAN, an  )
16  individual.                          )
                                         )
17              Defendants.              )
    _____)

18

19

20

21

22

23

24

25

26

27

28

SDILIB1\H\
473367.01

ExH A PG 9

02 CV 2460 BTM(RBB)

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

LINDOWS.COM, INC., a Delaware corporation

|

SUMMONS IN A CIVIL ACTION

Case No. 02 CV 2460 BTM (RBB)

vs

XANDROS, INC., a Delaware corporation; LINUX
GLOBAL PARTNERS, INC., a Delaware
corporation; MICHAEL BEGO, an individual;
WILLIAM JAY ROSEMAN, an individual



TO: (Name and Address of Defendant)

*XANDROS, INC., A Delaware corporation*

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon
PLAINTIFF'S ATTORNEY

MICHAEL S. KAGNOFF SB 167613
COLBERN C. STUART SB 177897
BROBECK, PHLEGER & HARRISON LLP
12390 EL CAMINO REAL
SAN DIEGO CA 92130 (858) 720-2555

An answer to the complaint which is herewith served upon you, within 20 _____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

| W. Samuel Hamrick, Jr. | DEC 1 3 2002 |
|---|---|
| CLERK | DATE |
| PATRICIA L. ALBERDA (SEAL) | |
| By                                    , Deputy Clerk | |

Summons in a Civil Action

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)     EXH *A* PG *10*                    AO-440S

1  MICHAEL S. KAGNOFF, State Bar No. 167613
   COLBERN C. STUART, III, State Bar No. 177897
2  BROBECK, PHLEGER & HARRISON LLP
   12390 El Camino Real
3  San Diego, CA 92130-2081
   Telephone: (858) 720-2500
4  Facsimile: (858) 720-2555

5

6  Attorneys for Plaintiff LINDOWS.COM, INC.

7

FILED

03 JAN 13  PM 4:18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

COPY

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10  LINDOWS.COM, INC., a Delaware      ) Case No.  02 CV 2460 BTM(RBB)
    corporation,                       )
11                                     ) PROOF OF SERVICE OF SUMMONS
                                       ) AND COMPLAINT (LINUX GLOBAL
12              Plaintiff,             ) PARTNERS, A DELAWARE
                                       ) CORPORATION)
13        v.                          )
                                       )
14  XANDROS, INC., a Delaware corporation; )
    LINUX GLOBAL PARTNERS, INC., a    )
15  Delaware corporation; MICHAEL BEGO, an )
    individual; WILLIAM JAY ROSEMAN,  an )
16  individual.                        )
                                       )
17              Defendants.           )
    _____)

18

19

20

21

22

23

24

25

26

27

28

EXH $\underline{A}$ PG $\underline{11}$

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me | *DECEMBER 24 2002* 2:45 PM |
| NAME OF SERVER *DEBRA L. DUNN* | TITLE *REGISTERED PROCESS SERVER* |

Check one box below to indicate appropriate method of service

[X] Served personally upon the defendant. Place where served: *2711 CENTERVILLE ROAD WILMINGTON, D.E. 19808 (AGENT FOR SERVICE)*

[ ] Left copies thereof at the defendant's dwelling, house or usual place of abode with a person of suitable age and discretion then residing therein:

Name of person with whom the summons and complaint were left: _____

[ ] Return unexecuted: _____

[ ] Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL *125 00* |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service is true and correct.

Executed on: *12/26/02*
_____ _____
Date          Signature of Server

*125 NEW GRANVILLE WILMINGTON DE. 19808*
_____
Address of Server

## NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(C) YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF HAS RECEIVED A CONSENT FORM.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT. ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

EXH *A* PG *12*

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5,    '11:34am)

**EXHIBIT B**

THE SECURITIES REPRESENTED HEREBY HAVE BEEN ACQUIRED BY THE HOLDER HEREOF FOR ITS OWN ACCOUNT FOR INVESTMENT WITH NO INTENTION OF MAKING OR CAUSING TO BE MADE A PUBLIC DISTRIBUTION OF ALL OR ANY PORTION THEREOF. SUCH SECURITIES HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 OR ANY STATE SECURITIES LAWS AND MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED OR HYPOTHECATED.

$250,000.00

San Diego, California
November 29 2001

## XANDROS, INC.

## CONVERTIBLE PROMISSORY NOTE

Xandros, Inc., a Delaware corporation (the "Maker"), for value received, hereby promises to pay to Lindows.com, Inc., a Delaware corporation (the "Holder"), the principal amount of Two Hundred Fifty Thousand Dollars ($250,000) (the "Issue Price"), together with interest on the unpaid amount thereof in accordance with the terms hereof, from the date hereof until paid or converted in accordance with the terms hereof.

1.  Convertible Promissory Note ("Note").

    1.1  Interest Rate. The rate of interest hereunder ("Interest Rate") shall equal eight percent (8.0%) per annum and shall be computed on the basis of a 365 day year for the actual number of days elapsed; provided that in no event shall the interest rate be less than the minimum rate of interest required in order to avoid the imputation of interest for federal income tax purposes.

    1.2  Payment. Subject to the provisions of Section 2 regarding an Acquisition and Section 3 regarding conversion of this Note, the Issue Price plus all accrued but previously unpaid interest thereon shall become due and payable in one lump sum on the earlier of (a) five (5) days notice of demand after November 20, 2002 (the "Due Date") or (b) immediately upon the closing of an Acquisition (as defined below). The Maker may at any time prepay in whole or in part the principal and interest accrued under this Note. Any payment will be applied first to the payment of any and all accrued and unpaid interest through the payment date and second to the payment of principal remaining due hereunder. Payment shall be made at the offices or residence of the Holder, or at such other place as the Holder shall have designated to the Maker in writing, in lawful money of the United States of America.

    1.3  Letter Agreement. Of even date herewith, the Holder and Xandros Corporation, a wholly owned subsidiary of the Maker, are entering into a side letter agreement regarding this Note and future investments in the Maker by the Holder.

    2.  Acquisition. In the event the Maker is to be acquired, whether by means of a merger, sale of all or substantially all of the assets of the Maker, sale of more than fifty percent (50%) of the Maker's outstanding securities or otherwise, prior to the Due Date, the date of any Equity Financing and the Optional Conversion Date (an "Acquisition"), then the Issue Price plus

all accrued but previously unpaid interest thereon shall become due and payable in one lump sum immediately upon the closing of such Acquisition.

3.    Conversion.

3.1    Automatic Conversion.  Upon the closing of a bona fide equity financing (an "Equity Financing") of the Maker of at least Two Hundred Fifty Thousand Dollars ($250,000), excluding conversion of this Note, in which shares of a series of the Maker's Preferred Stock are issued, the sum of the Issue Price of this Note plus all accrued but unpaid interest thereon (the "Conversion Amount") shall be converted into that number of fully paid and nonassessable shares of the equity security of the Maker sold in the Equity Financing (the "New Equity Shares") as is equal to the Conversion Amount divided by the lesser of the following (the "Automatic Conversion Price"):

(a)    If the Equity Financing is at a pre-money enterprise valuation of the Maker of no greater than Fifteen Million Dollars ($15,000,000), the per share purchase price of the New Equity Shares in the Equity Financing.

(b)    If the Equity Financing is at a pre-money enterprise valuation of the Maker of greater than Fifteen Million Dollars ($15,000,000), the per share price determined by assuming the Equity Financing was at a pre-money enterprise valuation of the Maker equal to Fifteen Million Dollars ($15,000,000).

3.2    Optional Conversion.  In the event that the Maker does not consummate an Equity Financing prior to May 20, 2002 (the "Optional Conversion Date"), the Holder shall have the right to convert the Conversion Amount into shares of Series A Preferred Stock (the "Optional Conversion Shares") of the Maker, the rights, preferences and privileges of which shall be negotiated in good faith by the Maker and the Holder, at the Optional Conversion Date (an "Optional Conversion"), at a per share price (the "Optional Conversion Price") determined by assuming an enterprise valuation of the Maker equal to Fifteen Million Dollars ($15,000,000). On the Optional Conversion Date, the number of shares of Series A Preferred Stock into which this Note may be converted is determined by dividing the Conversion Amount by the by the Optional Conversion Price.  Prior to the Optional Conversion Date the Maker shall take all necessary steps to validly authorize the shares of Series A Preferred Stock to be issued upon the Optional Conversion Date.

3.3    Conversion Procedure.

(a)    The Maker shall provide the Holder written notice at least fifteen (15) days prior to the expected closing of an Equity Financing.

(b)    In the event of an Equity Financing, the Note shall convert automatically on the closing of the Equity Financing (the "Automatic Conversion Date") without any further action by the Holder hereof.

(c)    In order to exercise the Optional Conversion privilege under Paragraph 3.2, the Holder shall provide the Maker at least five (5) days prior to the Optional Conversion Date written notice in form reasonably satisfactory to the Maker that the Holder elects to convert

EXH B PG 4    2            MQB        KBC

the Note on the Optional Conversion Date. The Holder shall surrender the original Note for
conversion on the Optional Conversion Date.

     3.4    <u>Termination of Rights Upon Conversion</u>. Any conversion of this Note
shall be deemed effective on the Automatic Conversion Date or Optional Conversion Date, as
applicable, and, upon conversion of this Note, the Holder of this Note shall have no further rights
under this Note, whether or not this Note is surrendered.

     3.5    <u>Fractional Shares</u>. No fractional shares of any equity securities of the
Maker will be issued in connection with any conversion hereunder but rather any such fractional
shares shall be rounded up to the nearest whole share.

     3.6    <u>Delivery of Stock Certificates</u>. As promptly as practicable after any
conversion of this Note, the Maker, at its expense, shall issue and deliver to the Holder of this
Note a certificate or certificates evidencing the number of full New Equity Shares or Optional
Conversion Shares, as applicable, issuable to the Holder upon such conversion.

    4.    <u>Miscellaneous</u>.

     4.1    <u>Transfer of Note</u>. This Note shall not be transferable or assignable in any
manner and no interest shall be pledged or otherwise encumbered by the Holder without the
consent of the Maker, which consent shall not be unreasonably withheld.

     4.2    <u>Titles and Subtitles</u>. The titles and subtitles used in this Note are for
convenience only and are not to be considered in construing or interpreting this Note.

     4.3    <u>Notices</u>. All notices and other communications provided for hereunder
shall be in writing and shall be delivered personally, by overnight delivery service or by
facsimile, with confirmation of receipt, addressed as set forth on the signature page hereto.
Either party hereto may by like notice specify or change an address to which notices and
communications shall thereafter be sent. Notices sent by facsimile shall be effective upon
confirmation of receipt, notices sent by overnight delivery service shall be effective upon receipt,
and notices given personally shall be effective when delivered.

     4.4    <u>Attorneys' Fees</u>. If any action at law or in equity is necessary to enforce
or interpret the terms of this Note, the prevailing party shall be entitled to reasonable attorneys'
fees, costs and disbursements in addition to any other relief to which such party may be entitled.

     4.5    <u>Amendments and Waivers</u>. This Note may be amended and the
observance of any other term of this Note may be waived (either generally or in a particular
instance and either retroactively or prospectively), with the written consent of the Maker and the
Holder. The Maker waives presentment, demand for performance, notice of nonperformance,
protest, notice of protest, and notice of dishonor. No delay on the part of the Holder in
exercising any right hereunder shall operate as a waiver of such right under this Note.

     4.6    <u>Severability</u>. If one or more provisions of this Note are held to be
unenforceable under applicable law, such provision shall be excluded from this Note and the

balance of the Note shall be interpreted as if such provision were so excluded and shall be enforceable in accordance with its terms.

      4.7    <u>Governing Law</u>.  This Note shall be governed by and construed and enforced in accordance with the laws of the State of California, without giving effect to its conflicts of laws principles.

      4.8 .    <u>Counterparts</u>.  This Note may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

      Executed as of the date first written above.

                  **MAKER:**
                  XANDROS, INC.,
                  a Delaware corporation

                  By: _____
                  Title: _PRESIDENT_____
                  Name: _MICHAEL A. BACO_____
                  Address:     1410 Blair Place, Suite 600
                                Ottawa, Ontario K1J 9B9, Canada

ACKNOWLEDGED AND AGREED:

**HOLDER:**
LINDOWS.COM, INC.,
a Delaware corporation

By: _____
Title: _PRESIDENT_____
Name: _KEVIN CARMONY_____
Address:     4350 La Jolla Village Dr., Suite 450
              San Diego, CA 92122

**EXHIBIT C**

THE SECURITIES REPRESENTED HEREBY HAVE BEEN ACQUIRED BY THE HOLDER HEREOF FOR ITS OWN ACCOUNT FOR INVESTMENT WITH NO INTENTION OF MAKING OR CAUSING TO BE MADE A PUBLIC DISTRIBUTION OF ALL OR ANY PORTION THEREOF. SUCH SECURITIES HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 OR ANY STATE SECURITIES LAWS AND MAY NOT BE SOLD, OFFERED FOR SALE, PLEDGED OR HYPOTHECATED.

$250,000.00

San Diego, California
December 6, 2001

## XANDROS, INC.

## CONVERTIBLE PROMISSORY NOTE

Xandros, Inc., a Delaware corporation (the "Maker"), for value received, hereby promises to pay to Lindows.com, Inc., a Delaware corporation (the "Holder"), the principal amount of Two Hundred Fifty Thousand Dollars ($250,000) (the "Issue Price"), together with interest on the unpaid amount thereof in accordance with the terms hereof, from the date hereof until paid or converted in accordance with the terms hereof.

1.   Convertible Promissory Note ("Note").

1.1   Interest Rate. The rate of interest hereunder ("Interest Rate") shall equal eight percent (8.0%) per annum and shall be computed on the basis of a 365 day year for the actual number of days elapsed; provided that in no event shall the interest rate be less than the minimum rate of interest required in order to avoid the imputation of interest for federal income tax purposes.

1.2   Payment. Subject to the provisions of Section 2 regarding an Acquisition and Section 3 regarding conversion of this Note, the Issue Price plus all accrued but previously unpaid interest thereon shall become due and payable in one lump sum on the earlier of (a) five (5) days notice of demand (the "Due Date") after December 5, 2002 or (b) immediately upon the closing of an Acquisition (as defined below). The Maker may not at any time prepay in whole or in part the principal and interest accrued under this Note without the prior written consent of the Holder. Any payment will be applied first to the payment of any and all accrued and unpaid interest through the payment date and second to the payment of principal remaining due hereunder. Payment shall be made at the offices or residence of the Holder, or at such other place as the Holder shall have designated to the Maker in writing, in lawful money of the United States of America.

1.3   Amendment of Letter Agreement. Of even date herewith, the Holder and the Maker are amending that certain letter agreement dated November __, 2001, by and among the Holder, the Maker and Xandros Corporation, a wholly owned subsidiary of the Maker.

2.   Acquisition. In the event the Maker is to be acquired, whether by means of a merger, sale of all or substantially all of the assets of the Maker, sale of more than fifty percent (50%) of the Maker's outstanding securities or otherwise, prior to the Due Date, the date of any

EXH C PG 17    MAB KDL

Equity Financing and the Optional Conversion Date (an "Acquisition"), then the Issue Price plus all accrued but previously unpaid interest thereon shall become due and payable in one lump sum immediately upon the closing of such Acquisition.

3.  Conversion.

3.1  Automatic Conversion. Upon the closing of a bona fide equity financing (an "Equity Financing") of the Maker of at least Two Hundred Fifty Thousand Dollars ($250,000), excluding conversion of this Note, in which shares of a series of the Maker's Preferred Stock are issued, the sum of the Issue Price of this Note plus all accrued but unpaid interest thereon (the "Conversion Amount") shall be converted into that number of fully paid and nonassessable shares of the equity security of the Maker sold in the Equity Financing (the "New Equity Shares") as is equal to the Conversion Amount divided by the lesser of the following (the "Automatic Conversion Price"):

(a)  If the Equity Financing is at a pre-money enterprise valuation of the Maker of no greater than Fifteen Million Dollars ($15,000,000), the per share purchase price of the New Equity Shares in the Equity Financing.

(b)  If the Equity Financing is at a pre-money enterprise valuation of the Maker of greater than Fifteen Million Dollars ($15,000,000), the per share price determined by assuming the Equity Financing was at a pre-money enterprise valuation of the Maker equal to Fifteen Million Dollars ($15,000,000).

3.2  Optional Conversion. In the event that the Maker does not consummate an Equity Financing prior to May __, 2002 (the "Optional Conversion Date"), the Holder shall have the right to convert the Conversion Amount into shares of Series A Preferred Stock (the "Optional Conversion Shares") of the Maker, the rights, preferences and privileges of which shall be negotiated in good faith by the Maker and the Holder, at the Optional Conversion Date (an "Optional Conversion"), at a per share price (the "Optional Conversion Price") determined by assuming an enterprise valuation of the Maker equal to Fifteen Million Dollars ($15,000,000). On the Optional Conversion Date, the number of shares of Series A Preferred Stock into which this Note may be converted is determined by dividing the Conversion Amount by the by the Optional Conversion Price. Prior to the Optional Conversion Date the Maker shall take all necessary steps to validly authorize the shares of Series A Preferred Stock to be issued upon the Optional Conversion Date.

3.3  Conversion Procedure.

(a)  The Maker shall provide the Holder written notice at least fifteen (15) days prior to the expected closing of an Equity Financing.

(b)  In the event of an Equity Financing, the Note shall convert automatically on the closing of the Equity Financing (the "Automatic Conversion Date") without any further action by the Holder hereof.

(c)  In order to exercise the Optional Conversion privilege under Paragraph 3.2, the Holder shall provide the Maker at least five (5) days prior to the Optional Conversion

Date written notice in form reasonably satisfactory to the Maker that the Holder elects to convert the Note on the Optional Conversion Date. The Holder shall surrender the original Note for conversion on the Optional Conversion Date.

3.4 Termination of Rights Upon Conversion. Any conversion of this Note shall be deemed effective on the Automatic Conversion Date or Optional Conversion Date, as applicable, and, upon conversion of this Note, the Holder of this Note shall have no further rights under this Note, whether or not this Note is surrendered.

3.5 Fractional Shares. No fractional shares of any equity securities of the Maker will be issued in connection with any conversion hereunder but rather any such fractional shares shall be rounded up to the nearest whole share.

3.6 Delivery of Stock Certificates. As promptly as practicable after any conversion of this Note, the Maker, at its expense, shall issue and deliver to the Holder of this Note a certificate or certificates evidencing the number of full New Equity Shares or Optional Conversion Shares, as applicable, issuable to the Holder upon such conversion.

4. Miscellaneous.

4.1 Transfer of Note. This Note shall not be transferable or assignable in any manner and no interest shall be pledged or otherwise encumbered by the Holder without the consent of the Maker, which consent shall not be unreasonably withheld.

4.2 Titles and Subtitles. The titles and subtitles used in this Note are for convenience only and are not to be considered in construing or interpreting this Note.

4.3 Notices. All notices and other communications provided for hereunder shall be in writing and shall be delivered personally, by overnight delivery service or by facsimile, with confirmation of receipt, addressed as set forth on the signature page hereto. Either party hereto may by like notice specify or change an address to which notices and communications shall thereafter be sent. Notices sent by facsimile shall be effective upon confirmation of receipt, notices sent by overnight delivery service shall be effective upon receipt, and notices given personally shall be effective when delivered.

4.4 Attorneys' Fees. If any action at law or in equity is necessary to enforce or interpret the terms of this Note, the prevailing party shall be entitled to reasonable attorneys' fees, costs and disbursements in addition to any other relief to which such party may be entitled.

4.5 Amendments and Waivers. This Note may be amended and the observance of any other term of this Note may be waived (either generally or in a particular instance and either retroactively or prospectively), with the written consent of the Maker and the Holder. The Maker waives presentment, demand for performance, notice of nonperformance, protest, notice of protest, and notice of dishonor. No delay on the part of the Holder in exercising any right hereunder shall operate as a waiver of such right under this Note.

4.6 Severability. If one or more provisions of this Note are held to be unenforceable under applicable law, such provision shall be excluded from this Note and the

SD1L-TB1\DCI\417557.03(417557_1.DOC)

Exh C Pg 19
3

balance of the Note shall be interpreted as if such provision were so excluded and shall be enforceable in accordance with its terms.

4.7 _Governing Law_. This Note shall be governed by and construed and enforced in accordance with the laws of the State of California, without giving effect to its conflicts of laws principles.

4.8 _Counterparts_. This Note may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Executed as of the date first written above.

MAKER:
XANDROS, INC.,
a Delaware corporation

By: _____
Title: _PRESIDENT_
Name: _MICHAEL A. BEGO_
Address: 1410 Blair Place, Suite 600
Ottawa, Ontario K1J 9B9, Canada

ACKNOWLEDGED AND AGREED:

HOLDER:
LINDOWS.COM, INC.,
a Delaware corporation

By: _____
Title: _Pres._
Name: _Kevin Carmony_
Address: 4350 La Jolla Village Dr., Suite 450
San Diego, CA 92122

SDIL\1871\DCF\417557.03\(417557_3.DOC)

EXH _C_ PG _20_