








```
AXR    1/28/03    11:43
3:02-CV-02460   LINDOWS.COM INC V. XANDROS INC
*16*
*APPL.*
```

| | |
|---|---|
| 1 | La BELLA & McNAMARA LLP |
| 2 | THOMAS W. McNAMARA (SBN 127280)<br>ANDREW W. ROBERTSON (SBN 062541) |
| 3 | 401 West "A" Street, Suite 2300<br>San Diego, California 92101 |
| 4 | (619) 696-9200 |
| 5 | Attorneys for Defendants XANDROS, INC.; LINUX GLOBAL<br>PARTNERS, INC.; MICHAEL BEGO; WILLIAM JAY |
| 6 | ROSEMAN |

FILED
03 JAN 24 PM 4:03
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDOWS.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>XANDROS, INC., a Delaware corporation;<br>LINUX GLOBAL PARTNERS, INC., a<br>Delaware corporation; MICHAEL BEGO,<br>an individual; WILLIAM JAY ROSEMAN,<br>an individual,<br><br>Defendants. | Case No.: 02 CV 2460 BTM (RBB)<br><br>**EX PARTE APPLICATION OF DEFENDANTS FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT; DECLARATION OF ANDREW W. ROBERTSON** |

Defendants Xandros, Inc., Linux Global Partners, Inc., Michael Bego and William Roseman seek simple relief – an order extending their time to respond to the Complaint in order that counsel may have sufficient time to prepare a response.

Pursuant to Local Rule 12.1, abundant good cause exists for such an order:

1. The four defendants were served on different dates in late December 2002 and early January 2003. The two corporate defendants were served in the midst of the Christmas holidays - Xandros on December 23, 2002 and Linux on December 24, 2002. Individual defendants Bego and Roseman were both served on January 6, 2003. Based on those service dates, the responses of Xandros and Linux

1

1 were due January 13, 2003 and the responses of Bego and Roseman are due
2 January 26, 2003.

3     2.    By letters dated January 9, 2003 to the Court and to plaintiff's counsel,
4 the co-chairman of Xandros and Linux invoked an arbitration clause and requested a
5 reasonable 30-day extension. Plaintiff's counsel rejected the request. By its Order of
6 January 14, 2003, the Court declined to consider the request because a corporation
7 may not represent itself.

8     3.    On January 9, 2003 Plaintiff filed a First Amended Complaint. Under
9 FRCP 15(a), the First Amended Complaint thereby became the operative pleading:
10 "A party shall plead in response to an amended pleading within the time remaining for
11 response to the original pleading or within 10 days after service of the amended
12 pleading whichever period may be longer." As of today January 24, 2003, the First
13 Amended Complaint has not been served on defendants.

14     4.    On January 20, 2002, all defendants completed arrangements to retain
15 La Bella & McNamara as counsel in San Diego. New counsel immediately contacted
16 plaintiff's counsel and proposed that defendants accept service of the First Amended
17 Complaint and set February 10, 2003, later shortened to January 31, 2003, as the
18 date for responsive pleadings. Plaintiff's counsel rejected the request.

19     5.    Defendants seek only a modest extension so their lawyers can have
20 adequate time to protect their interests. Defendants are also willing to accept service
21 of the First Amended Complaint.

22     6.    Plaintiff will suffer no prejudice, particularly given that it has filed, but
23 not served, a First Amended Complaint.

24     Under the circumstances, there is ample good cause to grant defendants
25 extensions of time to respond to the Complaint. Defendants have submitted a
26 ///
27 ///
28 ///

| | |
|---|---|
| 1 | Proposed Order that the First Amended Complaint be deemed served on all |
| 2 | defendants as of the date the Court rules on this application and that defendants |
| 3 | respond within 20 days thereafter. |

La BELLA & McNAMARA LLP

_____
ANDREW W. ROBERTSON
Attorneys for Defendants XANDROS, INC.; LINUX GLOBALPARTNERS, INC.; MICHAEL BEGO; WILLIAM JAY ROSEMAN

## DECLARATION OF ANDREW W. ROBERTSON

1. I am an attorney duly licensed to practice before this Court and am associated with La Bella & McNamara, counsel for defendants Xandros, Inc., Linux Global Partners, Inc., Michael Bego and William Roseman herein. I have personal knowledge of the facts set forth in this Declaration and could and would competently testify thereto.

2. On January 20, 2003, our firm completed arrangements to be retained by all four Defendants in this action.

3. In our initial review of the file, we learned that plaintiff filed a First Amended Complaint on January 9, 2003. Attached as Exhibit A is a true and correct copy of the Civil Docket printed from the Pacer System on January 24, 2003. To date, Defendants have not been served this First Amended Complaint.

4. On January 21, 2003 I telephoned plaintiff's counsel, Michael Kagnoff, and proposed that we enter into a Stipulation whereby defendants accept service of the First Amended Complaint and set February 10, 2003 as a date for all defendants to respond. He declined. I called him a second time that afternoon and proposed January 31, 2003 as the reply date. He declined. I asked him if there were any circumstances under which he would cooperate with defendants, withdraw the default request, and set a date for responding to the First Amended Complaint. He replied that he could think of none.

5. After service of the initial Complaint in late December, 2002, the Co-Chairman of Xandros and Linux took reasonable steps to communicate with counsel for plaintiff to secure a modest extension. Attached as Exhibits B and C are true and correct copies of January 9, 2003 letters from Fred Berenstein to plaintiff's counsel and the Court. Attached as Exhibits D and E are the responses of plaintiff's counsel and the Court.

/ / /

/ / /

1     6.    At 11:15 a.m. on Friday, July 24, 2003, I telephoned Mr. Kagnoff,
2 counsel for plaintiff, and advised him we would today file an Ex Parte Application for
3 Extension of Time and that we would hand deliver a copy to his office today.
4     I declare under penalty of perjury and the laws of the United States of America
5 that the foregoing is true and correct. Executed this 24 day of January, 2003.

                                                      ANDREW W. ROBERTSON

Docket as of January 14, 2003 7:31 pm                  Web PACER (v2.4)

# U.S. District Court

## Southern District of California (San Diego)

## CIVIL DOCKET FOR CASE #: 02-CV-2460

### Lindows.com Inc v. Xandros Inc, et al

Filed: 12/13/02
Assigned to: Judge Barry Ted Moskowitz
Jury demand: Plaintiff
Referred to: Magistrate Judge Ruben B Brooks
Demand: $750,000
Nature of Suit: 850
Lead Docket: None
Jurisdiction: Federal Question
Dkt# in other court: None
Cause: 15:78m(a) Securities Exchange Act

```
LINDOWS.COM, INC., a Delaward        Michael S Kagnoff
corporation                          [COR LD NTC]
     plaintiff                       Brobeck Phleger and Harrison
                                     12390 El Camino Real
                                     San Diego, CA 92130
                                     (858)720-2500

  v.

XANDROS, INC., a Delaware
corporation
     defendant

LINUX GLOBAL PARTNERS, INC., a
Delaware corporation
     defendant

MICHAEL BEGO, an individual
     defendant

WILLIAM JAY ROSEMAN, an
individual
     defendant
```

Exhibit A
1 of 2

# DOCKET PROCEEDINGS

| DATE | # | DOCKET ENTRY |
|------|---|--------------|
| 12/13/02 | 1 | Complaint Filed; (referred to Magistrate Judge Ruben B. Brooks) Receipt No/Amt of Fee: 89499/$150; t/w jury demand (jrl) [Entry date 12/16/02] |
| 12/13/02 | 2 | Summons issued (jrl) [Entry date 12/16/02] |
| 1/9/03 | 3 | FIRST Amended complaint [1-1]; demand for jury trial (axr) [Entry date 01/13/03] |
| 1/13/03 | 6 | Return of Service of summons and complaint executed upon defendant Michael Bego on 1/6/03, accepted by personal service (axr) [Entry date 01/14/03] |
| 1/13/03 | 7 | Return of Service of summons and complaint executed upon defendant Linux Global Partner on 12/24/02, accepted by personal service (axr) [Entry date 01/14/03] |
| 1/13/03 | 8 | Return of Service of summons and complaint executed upon defendant Xandros Inc on 12/23/02, accepted by personal service (axr) [Entry date 01/14/03] |
| 1/13/03 | 9 | Return of Service of summons and complaint executed upon defendant William Jay Roseman on 1/6/03, accepted by William Roseman, Jane Fontana (axr) [Entry date 01/14/03] [Edit date 01/14/03] |
| 1/14/03 | 4 | Order rejecting request as improper by Judge Barry T. Moskowitz; the court will not consider this request; the clerk of the court is directed to file dft's letter (axr) [Entry date 01/14/03] |
| 1/14/03 | 5 | Letter to court (ok to file per BTM) (axr) [Entry date 01/14/03] |

END OF DOCKET: 3:02cv2460

| PACER Service Center |
|---|
| Transaction Receipt |
| 01/24/2003 08:14:40 |

Exhibit A
2 of 2



January 9, 2003

**COPY BY FACSIMILE**
<u>**ORIGINAL BY FEDEX**</u>

Michael S. Kagnoff
Brobeck, Phleger & Harrison LLP
12390 El Camino Real
San Diego, CA 92130-2081

Re:   <u>Case 02 CV 2460</u>

Dear Mr. Kagnoff:

We recently received, via FedEx, from our corporate representatives in Delaware the above-numbered document served on them on Christmas Eve, 2002.

I am at a loss to understand why this action was filed when our Strategic Alliance Agreement specifically designates, in section 16.3, arbitration as the means to resolve any disputes arising from our relationship to Lindows. More specifically, to refresh your memory, section 16.3 states that:

Except that the parties shall be entitled to apply to the courts for mandatory or injunctive equitable relief, any controversy or claim arising out of or relating to this Agreement, or the breach thereof, will be settled by arbitration before three (3) arbitrators in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the reward rendered by the arbitrators may be entered in any court having jurisdiction thereof. Arbitrators shall be entitled to grant equitable relief as well as damages.

We therefore must insist that the disputes listed in the above-numbered complaint be submitted for arbitration as mutually agreed on in the Strategic Alliance Agreement, and request that you voluntarily withdraw the complaint or agree to stay the court action pending resolution of the arbitration.

In view of service having been made on Christmas Eve, we are requesting that you agree to a thirty (30) day extension of our time to respond to the complaint if you do not agree to arbitration.

Sincerely,


Frederick H. Berenstein
Co-chairman

*The Leader in the Linux Desktop*

Xandros, Inc.   41-51 East 11th Street   New York, NY 10003   Main 212 699-3620   Fax 212 331-1106

Exhibit B
1 of 1



January 9, 2003

**COPY BY FACSIMILE**
<u>**ORIGINAL BY FEDEX**</u>

Honorable Barry Ted Moskowitz
United States District Judge
United States District Court
Southern District of California

Re:   <u>Case 02 CV 2460</u>

Your Honor:

The papers for the above-numbered civil complaint were served on our corporate representative on Christmas Eve, 2002 and subsequently mailed to us in New York. Due to the holiday and the unavailability of many people until after the New Year, we have been unable, to date, to engage proper counsel in San Diego. We are in the process of doing so.

When we do engage counsel, we will be requesting that this complaint be dismissed, and hereby request that no default be entered, as in our agreement with the complainant, Lindows.com, Inc., there is a mandatory arbitration clause for all disputes. Specifically, that section 16.3, states:

> Except that the parties shall be entitled to apply to the courts for mandatory or injunctive equitable relief, any controversy or claim arising out of or relating to this Agreement, or the breach thereof, will be settled by arbitration before three (3) arbitrators in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the reward rendered by the arbitrators may be entered in any court having jurisdiction thereof. Arbitrators shall be entitled to grant equitable relief as well as damages.

Therefore, unless the complainant voluntarily withdraws its complaint, we respectfully request that the court grant us thirty (30) days to retain counsel and for counsel to present to the court such papers as are required to assure that our right to arbitration of this dispute is honored. We have, today, requested that the complainant's counsel agree to honor the arbitration agreement or to grant us a thirty (30) days extension of time. We have not yet received a response.

We appreciate your time and consideration of this matter.

Sincerely,

Frederick H. Berenstein
Co-chairman

Cc:   Michael S. Kagnoff

*The Leader In the Linux Desktop*

Xandros, Inc. 41-51 East 11th Street   New York, NY 10003    Main 212 699-3620    Fax 212 331-1106

Exhibit C
1 of 1



**ATTORNEYS AT LAW**

January 10, 2003

**VIA FACSIMILE**

Brobeck, Phleger & Harrison LLP
12390 El Camino Real
San Diego, California 92130-2081
DIRECT 858.720.2595
FAX 858.720.2555
mkagnoff@brobeck.com
www.brobeck.com

Frederick H. Berenstein
Xandros, Inc.
41-51 East 11th Street
New York NY 10003

Re: <u>Lindows.com, Inc. v. Xandros, Inc., et al.</u>
U.S. District Court, Southern District Case No. 02 CV 2460 BTM(RBB)

Dear Mr. Berenstein:

We are in receipt of your letter of January 9, 2003 regarding this matter. We have conferred with Lindows.com regarding your request for an extension of time to respond to the Complaint and your assertion that this matter is subject to the arbitration clause of the Strategic Alliance Agreement ("SAA"). We decline both of your requests for the reasons discussed below.

Your reference to the arbitration clause of the SAA incorrectly assumes that Lindows.com has claimed a breach of the SAA. As you've obviously reviewed the Complaint, you are aware that Lindows.com has not asserted therein any breach of the SAA and is not seeking any relief or remedy provided thereunder. Quite the contrary, Lindows.com's Complaint is based upon fraudulent acts and omissions of Xandros as well as non-parties to the SAA, Michael Bego, Linux Global Partners and William Roseman. Moreover, many of the actions and omissions complained of occurred substantially before the existence of the SAA, inducing Lindows.com's entry into the Convertible Promissory Notes. You will certainly agree that the Convertible Promissory Notes are not subject to any arbitration provision. Moreover, as neither Defendants LGP nor William Roseman are parties to the SAA, federal District Court is the appropriate venue for this dispute.

After conferring with Lindows.com we must also decline your request for additional time to answer the Complaint. Our client advises that it retained this firm to take action only after Xandros and other defendants refused to respond, often for months on end, to numerous requests for accurate and complete information regarding the financial condition of Xandros, its relationship to LGP, and the Convertible Notes. Moreover, your claim that Xandros was served on "Christmas Eve" (which is itself inaccurate as our proof of service indicates that Xandros was served on December 23, 2002) disingenuously suggests that Xandros was not well aware of Lindows.com's pending claims. In fact, this firm has, on three separate occasions prior to filing the Complaint—December 3, 2002, December 5, 2002, and December 21, 2002—sent demand letters to Xandros under the Convertible Notes. Mr. Bego acknowledged receipt of the first two

SD\LIB1\CSRS\472944.01

Exhibit D
1 of 2

Frederick H. Berenstein
January 10, 2003
Page 2

of these letters by his letter December 11, 2002, refusing payment under the Convertible Notes. Therefore it should have come as no surprise whatsoever to Xandros that Lindows.com would be taking action against Xandros' ongoing fraudulent acts and omissions and breach of those Convertible Notes. Additional delay imposes unreasonable and unnecessary financial burdens on Lindows.com which my client understandably refuses to continue to bear. We therefore have been directed to decline your eleventh-hour request for an additional 30 days in which to respond to the Complaint.

We have also received a copy of your January 9, 2003 letter to Judge Moskowitz, which, for the record, was not faxed to us on January 9, 2003 as indicated on the letter, but was received by Federal Express today, January 10, 2003. Your letter commits a glaring violation of Local Rule 83.9, which explicitly prohibits written communication to a District Court Judge, in addition to a violation of Local Rules 7.1(c) and (e), 12.1, 83.3h(1) and (2), as well as F.R.C.P. Rule 7(b), among others. Even more troubling, your letter to the Court goes even further than simply reciting the misrepresentations detailed in your letter to this firm, but even more egregiously attempts to mislead the Court that the Convertible Promissory Notes contain an arbitration clause. We demand that you immediately withdraw this improper and misleading communication. In the event that you refuse to do so, we will have no choice but to advise the Court of the impropriety of your communication as well as the misrepresentations contained therein.

Please be advised that if Xandros fails to respond to the Complaint by the time provided under the relevant statute, our client has directed that we immediately request entry of default of any non-responding Defendants.

Sincerely,

BROBECK, PHLEGER & HARRISON LLP

Michael S. Kagnoff

SDILIB1\CSCR\473944.01

Exhibit D
2 of 2

FILED

03 JAN 14 AM 10: 45

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LINDOWS.COM, Inc., | CASE NO. 02CV2460 BTM (RBB) |
|---|---|
| Plaintiff, | |
| v. | ORDER REJECTING REQUEST AS IMPROPER |
| XANDROS, Inc., et al., | |
| Defendants. | |

On January 9, 2003, Frederick Berenstein, co-chairman of Defendant Xandros, Inc., submitted a letter to this Court requesting an extension of 30 days to file its answer in order to retain local counsel. Because a corporation cannot represent itself *pro se*, this request is improper and the Court cannot consider it. The Court can only consider requests made by a duly appointed counsel who has entered an appearance before it.

Therefore, the Court will not consider this request. The Clerk of the Court is directed to file Defendant's letter.

**IT IS SO ORDERED.**

Dated: 1-13-2002

HONORABLE BARRY TED MOSKOWITZ
United States District Judge

Copies to:
All Parties and Counsel of Record

1

02cv2460

Exhibit E
1 of 1