















AXR   2/11/03   13:07

3:02-CV-02460   LINDOWS.COM INC V. XANDROS INC

*18*

*O.*

33058

FILED

03 FEB 11 AM 9: 02

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDOWS.COM, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>XANDROS, INC., a Delaware corporation; LINUX GLOBAL PARTNERS, INC., a Delaware corporation; MICHAEL BEGO, an individual; WILLIAM JAY ROSEMAN, an individual,<br><br>     Defendants. | CASE NO. 02CV2460 BTM (RBB)<br><br>ORDER GRANTING *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND VACATING ENTRY OF DEFAULT |

## I.   INTRODUCTION

On January 24, 2003, Defendants' filed an *ex parte* application for an extension of time to respond to Plaintiff's complaint.[1]  Plaintiff filed its initial complaint on December 13, 2002, and its first amended complaint on January 9, 2003.  On January 17, 2003, Plaintiff requested an entry of default against Defendants for failure to answer the complaint.  The Clerk of the Court duly entered default on that same day.

---

[1] On January 9, 2003, co-chairman of Defendant Xandros submitted a letter to the Court requesting an extension of time to answer in order to obtain local counsel.  The Court rejected this request as improper because a corporation is not allowed to represent itself *pro se*.  The present request was filed by Defendants' newly retained counsel, LaBella & McNamara, LLP.



1

1    II.    **DISCUSSION**

2          a. *Entry of Default*

3          Defendants contend that because they were never served with the first amended

4    complaint, their time to answer it has not expired.  It is true that under Rule 15(a) of the Federal

5    Rules of Civil Procedure a "party shall plead in response to an amended pleading within the

6    time remaining for response to the original pleading or within 10 days after service of the

7    amended pleading, whichever period may be the longer, unless the court otherwise orders."

8    Fed. R. Civ. P. 15(a).  The flaw in their reasoning, however, is that an amended pleading does

9    not become the "operative" pleading when it is filed, but only when it is served on the adverse

10   party.  See, Doe v. Unocal Corp., 27 F. Supp.2d 1174, 1180 (C.D. Cal. 1998), aff'd, 248 F.3d

11   915, 920 (9th Cir. 2001).  Therefore, the Defendants' time to answer did expire and the Clerk's

12   entry of default was proper.

13         b.     *Vacating Entry of Default*

14         Because the Clerk has already entered default, the Court construes Defendants'

15   Objection to Plaintiff's Request for Entry of Default as a motion to vacate the entry of default.

16   Rule 55(c) of the Federal Rules of Civil Procedure provides that a district court may set aside

17   an entry of default for "good cause."  Fed. R. Civ. Proc. 55(c).  "The court's discretion is

18   especially broad where, as here, it is entry of a default that is being set aside, rather than a

19   default judgment."   Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th

20   Cir.1986).  "Where timely relief is sought from a default . . . and the movant has a meritorious

21   defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that

22   cases may be decided on their merits."  Id. at 945-46.

23         When considering a motion to aside a default, the parallels between granting relief from

24   entry of a default and entry of a default judgment encourage utilizing the list of grounds for

25   relief provided in Rule 60(b).  Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th

26   Cir. 1986).  These 60(b) grounds are liberally interpreted when used on a motion for relief from

27   an entry of default.  Id.  Under Rule 60(b), the court considers whether:  (1) the plaintiff would

28   be prejudiced by setting aside the default;  (2) the defendant has a meritorious defense;  and,

1   (3) the defendant's culpable conduct led to the default.  TCI Group Life Insurance Plan v.

2   Knoebber, 244 F.3d 691 (9th Cir. 2001) (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984)).

3   The party seeking to vacate the judgment bears the burden of establishing that such factors

4   support that relief. TCI, 244 F.3d at 696.

5            First, there is no indication that Plaintiff will suffer prejudice if the default is set aside. "To

6   be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying

7   resolution of the case . . . . [rather] the standard is whether plaintiff's ability to pursue his claim

8   will be hindered." TCI at 701 (internal citations omitted); see also, Thompson v. American

9   Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996)(to be considered prejudicial, "the delay

10  must result in tangible harm such as loss of evidence, increased difficulties of discovery, or

11  greater opportunity for fraud or collusion").  While Plaintiff contends that any further delay in

12  this matter will cause "significant hardship," it has proffered no basis for this assertion other

13  than the expense of litigating the case on the merits.  Since there is no indication that Plaintiff's

14  ability to pursue its claim will be hindered if Defendants' motion is granted, this factor favors

15  setting aside the default.

16           Under the second factor, it is not completely clear that Defendants have made the

17  requisite showing. "A defendant seeking to vacate a default judgment must present specific

18  facts that would constitute a defense.  But the burden on a party seeking to vacate a default

19  judgment is not extraordinarily heavy." TCI, 244 F.3d at 700 (citations omitted). "Mere legal

20  conclusions, general denials, or simple assertions that the movant has a meritorious defense

21  are, however, insufficient to justify upsetting the underlying judgment." Cassidy v. Tenorio, 856

22  F.2d 1412 (9th Cir. 1988)(citations omitted).  Defendants contend that the suit should not

23  proceed because the parties are subject to a binding arbitration clause.  While Plaintiff

24  acknowledges that such an arbitration clause is part of an agreement between it and one of

25  the Defendants, Xandros, it claims that this clause is not applicable because its suit is not

26  based on this agreement.  Instead, Plaintiff's suit for securities violations, fraud, negligent

27  misrepresentation, breach of contract, and recision is based on two Convertible Promissory

28  Notes which do not contain an arbitration clause.  While it is clear that neither of these Notes

3

1  contains such a clause, the Court cannot determine the extent to which the proffered arbitration

2  clause may apply to this action because neither party submitted a complete copy of this other

3  contract.  Therefore, the Court cannot determine if Defendants have a meritorious defense.

4  　　　　Under the third factor, it is clear that Defendants have not exhibited "culpable conduct"

5  sufficient to deny their request to have the default set aside.  The Ninth Circuit recently clarified

6  the culpable conduct prong of the three-factor test:

7  　　　　The usual articulation of the governing standard, oft repeated in our cases, is that
   　　　　'a defendant's conduct is culpable if he has received actual or constructive notice
8  　　　　of the filing of the action and *intentionally* failed to answer.'

9  TCI, 244 F.3d at 697 (citations omitted)(emphasis in original).  The court in TCI also explained

10 the standard for determining whether a defendant's failure to answer was  "intentional":

11 　　　　Neglectful failure to answer as to which the defendant offers a credible, good
   　　　　faith explanation negating any intention to take advantage of the opposing party,
12 　　　　interfere with judicial decision making, or otherwise manipulate the legal process
   　　　　is not 'intentional' under our default cases, and is therefore not necessarily--
13 　　　　although it certainly may be, once the equitable factors are considered--culpable
   　　　　or inexcusable.
14
   Id. at 697-98.
15
   　　　　Plaintiff claims that Defendants' culpability is evidenced by their "history and pattern of
16
   delay and evasion" prior to the initiation of the suit.  Declaration of Michael S. Kagnoff at ¶ 7.
17
   Furthermore, because Defendants had notice that this suit was imminent, and failed to quickly
18
   obtain local counsel, their request for extension is simply "another bad faith attempt to delay
19
   resolution of this matter."  Id.  Defendants claim that their delay in answering was not in bad
20
   faith, but rather due to the timing of the service, i.e., in the midst of the holiday season, and
21
   their inability to quickly retain local counsel.  The Court finds this explanation credible
22
   considering that Defendants quickly  informed Plaintiff that they needed more time to answer
23
   so that they could retain local counsel, attempted to notify the Court that they were intending
24
   to respond to the complaint, and did in fact retain local counsel.
25
   　　　　Therefore, the Court finds that two of the factors strongly favor setting aside the entry
26
   of default.  While Defendants have not clearly demonstrated that they have a "meritorious"
27
   defense to the underlying action, the Court finds this an insufficient reason to deny their motion
28

                                      4                              02cv2460

1   for several reasons.  First, the various 60(b) grounds are to be liberally interpreted when

2   applied to a motion for relief from an entry of default.  Hawaii Carpenters' Trust Funds v. Stone,

3   794 F.2d 508, 513 (9th Cir. 1986).  Second, the meritorious defense prong must certainly be

4   given less weight in a context such as this where Defendants' counsel was only recently

5   retained and as of the time it filed its papers only had a brief period in which to explore any

6   possible defenses.[2]  And finally, it is clear that Ninth Circuit law strongly favors determining

7   such cases on the "merits."  As the court recently stated in TCI, "where there has been *no*

8   merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that

9   the finality interest should give way fairly readily, to further the competing interest in reaching

10  the merits of a dispute."  244 F.3d at 696 (emphasis in original).

11       Therefore, the Court finds that Defendants have shown both "good cause" under Rule

12  55(c) for setting aside the entry of default and good reason for granting them a  modest

13  extension of time in which to answer Plaintiff's complaint.

14

15  III.   **CONCLUSION**

16       For the aforementioned reasons, Defendants' *ex parte* application for an extension of

17  time to respond to the complaint and motion to vacate entry of default **[doc. no. 13]** is

18  GRANTED.  The Clerk of the Court is directed to vacate the entry of default **[doc. on. 11]**.

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25

26

27  [2] As explained in Defendants' papers, local counsel was only retained on January 20,
2002, filed the instant application on January 24, 2003, and only seek "a modest extension so

28  their lawyers can have adequate time to protect their interests." Ex  Parte Application for
Extension of Time to Respond to Complaint at 2.

5

02cv2460

1   Due to the fact that Defendants have had an adequate amount of time to prepare their answer

2   during the pendency of this motion, only a brief amount of additional time is warranted.

3   Accordingly, Defendants' shall file and serve their answer within five (5) business days of the

4   date this order is stamped filed.

5

6   **IT IS SO ORDERED.**

7   Dated: _February 10, 2003_

8                                                      **HONORABLE BARRY TED MOSKOWITZ**
                                                        United States District Judge

9
    Copies to:
10  All Parties and Counsel of Record

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02cv2460