Case 3:02-cv-02460-BEN-RBB Document 23 Filed 04/04/03 PageID.208 Page 1 of 8

















BAR

3:02-CV-2460 LINDOWS.COM,INC. V. XANDROS, INC

*23*

*OPPM.*

1  COLBERN C. STUART, III (SBN 177897)
   JAMES P. CONLEY (SBN 216639)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   12390 El Camino Real
3  San Diego, CA  92130
   Telephone: (858) 720-2500
4  Facsimile:  (858) 720-2555

5  Attorneys for Plaintiff
   LINDOWS.COM, INC.

6

7

8                     UNITED STATES DISTRICT COURT       **ORIGINAL**

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11 LINDOWS.COM, INC., a Delaware          CASE NO. 02 CV 2460 BTM (RBB)
   corporation,
12                                        **PLAINTIFF LINDOWS.COM, INC.'S**
              Plaintiff,                  **OBJECTIONS TO EVIDENCE**
13                                        **SUBMITTED BY DEFENDANTS IN**
        vs.                               **SUPPORT OF MOTION TO COMPEL**
14                                        **ARBITRATION**
   XANDROS, INC., a Delaware
15 corporation; LINUX GLOBAL             Hearing Date:    April 18, 2003
   PARTNERS, INC., a Delaware            Time:            11:00 a.m.
16 corporation; MICHAEL BEGO, an         Judge:           Hon. Barry Ted Moskowtiz
   individual; WILLIAM JAY ROSEMAN,      Courtroom:       15
17 an individual.,

18            Defendants.                 **ORAL ARGUMENT REQUESTED**

19      LINDOWS.COM, INC. ("Lindows") hereby objects to the following evidence submitted

20 by Defendants XANDROS, INC. ("Xandros"), LINUX GLOBAL PARTNERS, INC. ("LGP"),

21 MICHAEL BEGO and WILLIAM JAY ROSEMAN ("Defendants") in connection with their

22 motion to compel arbitration:

23 1.    **Declaration of Michael Bego in Support of Motion to Compel Arbitration and**
         **Dismiss or Stay Action**
24

25      Objection:  Lack of Foundation.  Lindows objects to the Declaration of Michael Bego

26 submitted by the defendants in support of their Motion to Compel Arbitration and Dismiss or

27 Stay Action ("Bego Declaration").  Michael Bego's declaration lacks a proper foundation as

28 required under Federal Rules of Evidence Rule 602.  Mr. Bego has apparently recanted his claim

SAN/63200.1                          23                    02 CV 2460 BTM(RBB)

1   in paragraph 1 of his Declaration that he is an officer of Linux Global Partners, Inc. and a

2   Director of Xandros. Mr. Bego admitted in a March 25, 2003 email addressed to Lindows'

3   President, Kevin Carmony, attached as Exhibit "A" to the Declaration of Kevin Carmony, that he

4   is not now and has never been an officer or director of Defendant LGP. Further, in a letter to Mr.

5   Carmony dated March 28, 2003, Mr. Bego reiterates that he is not currently an officer or director

6   of Xandros, Inc., Xandros Corporation, or Linux Global Partners. Therefore, contrary to his

7   Declaration, Mr. Bego has insufficient personal knowledge to make the statements concerning

8   LGP and Xandros in his declaration. *Ward v. First Fed'l Sav. Bank*, 173 F.3d 611, 617-618 (7th

9   Cir. 1999) (holding that an employee's awareness of statements made by the President and CEO

10  of his company does not establish sufficient personal knowledge for the employee to testify about

11  those statements).

12  **2.    Undated, Unsigned Document Entitled "Future Investment"**

13          OBJECTION: LACK OF FOUNDATION. Lindows further objects to the document under

14  Federal Rule of Evidence 901 on the ground that it has not been properly authenticated. The

15  Defendants have not provided sufficient evidence to sustain a finding that the document is what

16  they claim it is. Defendants offer this document as secondary evidence purporting to establish the

17  existence and contents of an alleged agreement. Defendants rely upon the Bego Declaration to

18  authenticate the Agreement Form for this purpose. However, the Bego Declaration does not

19  establish that the provisions of the document accurately represent the terms of the alleged original

20  signed agreement which Defendants claim they do not posses. Further, Mr. Carmony specifically

21  denies any recollection that such an agreement was ever signed.

22          OBJECTION: BEST EVIDENCE. Lindows objects to the incomplete, undated, unsigned

23  document attached to the Bego Declaration as Exhibit "C" under Federal Rules of Evidence 1002

24  on the ground that it is not the best evidence. Defendants admit that this is not a duplicate of an

25  original signed document. Bego Decl., ¶5. It is therefore inadmissible under Federal Rules of

26  Evidence 2003. Defendants offer the document as secondary evidence of the content of an

27  alleged original signed agreement; however, they offer insufficient evidence to establish that an

28  original ever existed. *Pineland Club v. Robert*, 171 F. 341, 347 (4th Cir. 1909). In paragraph 5

1   of his declaration Mr. Bego claims instead that Lindows has the original; however, Kevin

2   Carmony, the President and COO of Lindows has no record of such an agreement, signed or

3   otherwise among the company files. (Carmony Decl., ¶8)  Finally, even assuming that such a

4   document ever existed, Defendants also fail to present evidence establishing that diligent efforts

5   were made to find it. *Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).

6      OBJECTION:  HEARSAY.  Lindows further objects to the document under Federal Rules of

7   Evidence 802 on the ground that it is inadmissible hearsay.  The unsigned form is not being

8   offered merely to prove a legal contract existed.  Defendants instead offer it as evidence

9   supporting their allegation that the document establishes a relationship between the arbitration

10  agreement of the SAA and the Promissory Notes.  To the extent that the unsigned, undated

11  agreement is submitted as such, it is an out of court statement offered to prove the matter

12  Defendants assert and therefore inadmissible.

13     OBJECTION:  RELEVANCE.  Lindows objects to the incomplete, undated, unsigned

14  document attached to the Bego Declaration as Exhibit "C".  This document is irrelevant under

15  Federal Rules of Evidence 401 and 402.  An incomplete, unsigned, and undated form does not

16  make the existence of any fact that is of consequence to the determination of this action more or

17  less probable than it would be without the evidence.

18  **3.   Document Entitled "Amendment of Letter Agreement" Dated December 6, 2001**

19     OBJECTION: LACK OF FOUNDATION:  Lindows objects to the document entitled

20  "Amendment of Letter Agreement," dated December 6, 2001 attached to the Bego Declaration as

21  Exhibit "E", ("Amendment").  The Amendment has not been properly authenticated under

22  Federal Rule of Evidence 901 as Defendants have not offered sufficient evidence for a finding

23  that the Amendment is what they say it is. Defendants offer the Amendment as an amendment to

24  a November 20, 2001 Letter Agreement.  However, Defendants do not present the November 20,

25  2001 letter Agreement.  Instead, Mr. Bego alleges that the Amendment relates to the undated,

26  unsigned document discussed in Objection 2, above.  However, Mr. Bego's allegation alone,

27  without admissible evidence of the existence and content of the document being amended, is

28  insufficient evidence in light of the fact that a genuine controversy exists as to the existence and

1   content of any alleged November 2001 Letter Agreement.  Further, the Amendment does not refer

2   to the purported Letter Agreement by any specific date.  The Amendment cannot be properly

3   authenticated without evidence that would support a finding that the Letter Agreement it allegedly

4   amends actually exists, and the content of that Agreement being amended.  No such evidence has

5   been presented.

6       OBJECTION:  RELEVANCE.  Lindows objects to the Amendment under Federal Rules of

7   Evidence 401 and 402 on the ground that it is irrelevant. This evidence does not make a fact of

8   consequence to the action more or less probable than it would be without the evidence.  The

9   Amendment purports to amend something, but as the objections raised above show, there is

10  genuine controversy regarding the existence and content of any such agreement.

11      OBJECTION:  HEARSAY.  Lindows further objects to the Amendment under Federal Rules

12  of Evidence 802 on the ground that it is inadmissible hearsay.  For the same reasons discussed in

13  objection 2, above, the Amendment is an out of court statement offered to prove a matter asserted.

14      Lindows respectfully requests the court sustain the above objections and strike the

15  evidence referred to above.

16  DATED:  April 4, 2003           PAUL, HASTINGS, JANOFSKY & WALKER LLP

17

18                                  By: _____

19                                          COLBERN C. STUART, III

20                                  Attorneys for Plaintiff
                                    LINDOWS.COM, INC.

21

22

23

24

25

26

27

28

1  COLBERN C. STUART, III (SBN 177897)
   JAMES P. CONLEY (SBN 216639)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   12390 El Camino Real
3  San Diego, CA  92130
   Telephone: (858) 720-2500
4  Facsimile:  (858) 720-2555

5  Attorneys for Plaintiff
   LINDOWS.COM, INC.

6

7

8                  UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA   **ORIGINAL**

10

11  LINDOWS.COM, INC., a Delaware          CASE NO. 02 CV 2460 BTM (RBB)
    corporation,
12
                        Plaintiff,
13                                          **CERTIFICATE OF SERVICE**
          vs.
14
    XANDROS, INC., a Delaware
15  corporation; LINUX GLOBAL
    PARTNERS, INC., a Delaware
16  corporation; MICHAEL BEGO, an
    individual; WILLIAM JAY ROSEMAN,
17  an individual.,

18                      Defendants.

19

20

21     I, Karen K. Mann, declare:

22     I am and was at the time of the service mentioned in this declaration, employed in the County

23  of, California.  I am over the age of 18 years and not a party to the within action.  My business

24  address is Paul, Hastings, Janofsky & Walker LLP, 12390 El Camino Real, San Diego, California

25  92130-2081.

26  / / /

27  / / /

28  / / /

SAN/63355.1                         -1-                    **02 CV 2460 BTM(RBB)**

On April 4 2003, I caused to be served a copy(ies) of the following document(s):

(1) PLAINTIFF LINDOWS.COM, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION; REQUEST FOR JURY TRIAL;

(2) PLAINTIFF LINDOWS.COM, INC.'S OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANTS IN SUPPORT OF MOTION TO COMPEL ARBITRATION

(3) DECLARATION OF KEVIN CARMONY IN SUPPORT OF PLAINTIFF LINDOWS.COM, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

(4) DECLARATION OF COLBERN C. STUART IN SUPPORT OF PLAINTIFF LINDOWS.COM, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

on the parties to this action by facsimile and by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Thomas W. McNamara<br>Andrew W. Robertson<br>**La Bella & McNamara LLP**<br>401 West "A" Street, Suite 2300<br>San Diego, CA 92101<br>Telephone: (619) 696-9200<br>Facsimile: (619) 696)9269 | XANDROS, INC. and LINUX GLOBAL PARTNERS, INC. | Via Facsimile |

(BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Paul, Hastings, Janofsky & Walker LLP, San Diego, California. I am readily familiar with Paul, Hastings, Janofsky & Walker LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

XX **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

(BY PERSONAL SERVICE) I caused the envelope(s) to be delivered by hand to the addressee(s) noted above. I arranged for an authorized courier or driver to deliver to the above on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

1    I declare that I am employed in the office of a member of the bar of this court, at whose

2    direction this service was made, and that this declaration was executed on April 4, 2003, at San

3    Diego, California

4

5                                              _____

                                               Karen K. Mann

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAN/63355.1                                    -3-                          02 CV 2460 BTM(RBB)