USDC SCAN INDEX SHEET










```
KSR    12/18/03   13:17
3:02-CV-02460   LINDOWS.COM INC V. XANDROS INC
*55*
*RPLY.*
```

```
LA BELLA & McNAMARA LLP
THOMAS W. McNAMARA (SBN 127280)
ANDREW W. ROBERTSON (SBN 062503)
401 West "A" Street, Suite 2300
San Diego, California 92101
(619) 696-9200

Attorneys for Defendants XANDROS, INC.; LINUX GLOBAL
    PARTNERS, INC.; WILLIAM JAY
    ROSEMAN
```

FILED
DEC 16 AM 11:17
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDOWS.COM, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>XANDROS, INC., a Delaware corporation;<br>LINUX GLOBAL PARTNERS, INC., a Delaware corporation; MICHAEL BEGO, an individual; WILLIAM JAY ROSEMAN, an individual,<br><br>    Defendants. | Case No.: 02 CV 2460 JAH (RBB)<br><br>**REPLY MEMORANDUM OF DEFENDANTS XANDROS, INC., LINUX GLOBAL PARTNERS, INC. AND WILLIAM JAY ROSEMAN IN SUPPORT OF *EX PARTE* APPLICATION TO CONTINUE HEARING**<br><br>Date:   January 9, 2004<br>Time:   10:00 a.m.<br>Ctrm.:   3<br>Judge:   Hon. John A. Houston |

Defendants' Ex Parte Application seeks benign relief – a brief continuance of the hearing on their arbitration motion - for a single legitimate reason – to insure that Plaintiff can depose Mr. Bego before the motion is heard.

Plaintiff's opposition papers concede the operative facts – Plaintiff desires to depose Mr. Bego, but has been unable due to Bego's scheduling problems and his need to retain new counsel; new counsel is now in place and Mr. Bego will be



1  presented for the two hour deposition. Given those facts, a brief continuance will
2  provide Plaintiff what it seeks and provide Defendants their right to have the motion
3  heard and decided on the merits.

4      Nearly ten months ago, Defendants sought to enforce their bargained-for right
5  to have their disputes with Lindows arbitrated on the premise that arbitration would
6  be speedier and less expensive. Plaintiff's opposition papers seek only to avoid such
7  a ruling and confirm Defendants' wisdom in seeking arbitration in the first place.

8      Plaintiff's opposition papers embroil this Court in Plaintiff's unilateral version of
9  discovery disputes and the ultimate merits of the arbitration motion – neither issue is
10 before the court on this *Ex Parte* Application. Even as to these irrelevant subjects,
11 Plaintiff's papers contain unfortunate misstatements of the record, the most glaring
12 being:

13     1. **Defendants have never refused to produce Mr. Bego.** To the contrary,
14 his deposition has been scheduled for several dates, but he was unable to
15 attend due to schedule problems and due to a conflict with co-defendants
16 which required him to secure separate counsel. Plaintiff's counsel was
17 advised on each instance that the deposition could not go forward, but
18 would be rescheduled. Indeed, the record confirms that Defendants'
19 counsel have tried mightily to schedule and complete such a deposition.

20     2. **Mr. Bego has violated no orders.** Plaintiff's contention to the contrary is
21 belied by the record. Judge Moskowitz did not specifically order Bego's
22 deposition - he simply continued the original hearing on the motion so as to
23 hold an evidentiary hearing. In August, 2003, Judge Brooks dramatically
24 narrowed the vast discovery sought by Plaintiff to "telephonic" depositions
25 of Bego and Roseman (time limit of two hours), Berenstsein (one hour),
26 and two 30(b)(6) witnesses (one hour each) (see Plaintiff's Ex. A). Judge
27 Brooks also limited the interrogatories, requests to admit and document
28 requests submitted by Plaintiff. In a subsequent telephonic meeting, Judge

2

| | |
|---|---|
| 1 | Brooks clarified that Plaintiff could videotape the depositions (see Plaintiff's |
| 2 | Ex. D). Judge Brooks left to counsel to work out the scheduling – no |
| 3 | specific time frames were established. All depositions except Bego's have |
| 4 | been completed. Mr. Bego has never refused to appear – he has just been |
| 5 | jostled by schedule issues and needed time to exercise his right to |
| 6 | independent counsel once a conflict with co-defendants erupted. |
| 7 | Defendants seek and are entitled to a ruling on the merits of their long-pending |
| 8 | motion to arbitrate. Plaintiff should want nothing less. |

Dated: December 16, 2003      La BELLA & McNAMARA, LLP

_____
ANDREW W. ROBERTSON
Attorneys for Defendants XANDROS, INC.; LINUX GLOBALPARTNERS, INC.; WILLIAM JAY ROSEMAN

3

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | |
| LINDOWS.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>XANDROS, INC., a Delaware corporation; LINUX GLOBAL PARTNERS, INC., a Delaware corporation; MICHAEL BEGO, an individual; WILLIAM JAY ROSEMAN, an individual,<br><br>Defendants. | Case No.: 02 CV 2460 JAH (RBB)<br><br>DECLARATION OF SERVICE<br><br>Date served: December 16, 2003 |

I, the undersigned, declare under penalty of perjury that I am over eighteen years of age and not a party to this action; that I served the above-named person the following documents: **REPLY MEMORANDUM OF DEFENDANTS XANDROS, INC., LINUX GLOBAL PARTNERS, INC. AND WILLIAM JAY ROSEMAN IN SUPPORT OF *EX PARTE* APPLICATION TO CONTINUE HEARING**

in the following manner (check one):

1) ____ By personally delivering copies to the person served.

2) ____ By causing copies to be delivered, during usual office hours, to the office of the person served at the address listed below and left with the person who apparently was in charge.

3) ____ By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) ____ By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, California on December 16, 2003.

5) ✓ By causing such document to be transmitted by facsimile machine to the office(s) of the parties indicated below. The facsimile machine used complied with Rule 2003 and no error was reported by the machine.

| | |
|---|---|
| Colburn Stuart, Esq.<br>Paul Hastings Janofsky & Walker<br>3579 Valley Centre Drive<br>San Diego, CA 92130<br>Tel: (858) 720-2500<br>Fax: (858) 720-255 | Edward C. Walton, Esq.<br>Walton & Associates<br>402 West Broadway, Suite 1210<br>San Diego, CA 92101<br>Tel: (619) 234-7422<br>Fax: (619) 234-4144 |

Executed on December 16, 2003, at San Diego, California.

*Annie S. Parrish*
Annie S. Parrish

1