















TKL   1/20/04    12:53
3:02-CV-02460   LINDOWS.COM INC V. XANDROS INC
*58*
*OBJ.*

10714

1   COLBERN C. STUART, III (SBN 177897)
    JAMES P. CONLEY (SBN 216639)
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    3579 Valley Centre Drive
3   San Diego, CA 92130
    Telephone: (858) 720-2500
4   Facsimile: (858) 720-2555

5   Attorneys for Plaintiff
    LINDOWS.COM, INC.

6

7

8           UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  LINDOWS.COM, INC., a Delaware          CASE NO. 02 CV 2460 JAH (RBB)
    corporation,
12                                         PLAINTIFF LINDOWS.COM, INC.'S
                    Plaintiff,             OBJECTIONS TO EVIDENCE
13                                         SUBMITTED BY DEFENDANTS IN
           vs.                             SUPPORT OF MOTION TO COMPEL
14                                         ARBITRATION
    XANDROS, INC., a Delaware
15  corporation; LINUX GLOBAL             Hearing Date:    January 30, 2004
    PARTNERS, INC., a Delaware            Time:            2:00 p.m.
16  corporation; MICHAEL BEGO, an         Judge:           Hon. John A. Houston
    individual; WILLIAM JAY ROSEMAN,      Courtroom:       11, Second Floor
17  an individual.,

18                  Defendants.            **ORAL ARGUMENT REQUESTED**

19          LINDOWS.COM, INC. ("Lindows") hereby objects to the following evidence submitted

20  by Defendants XANDROS, INC. ("Xandros"), LINUX GLOBAL PARTNERS, INC. ("LGP"),

21  MICHAEL BEGO ("Bego") and WILLIAM JAY ROSEMAN ("Roseman") (collectively

22  "Defendants") in connection with their motion to compel arbitration:

23  1.    **Declaration of Michael Bego in Support of Motion to Compel Arbitration**

24          Objection: Lack of Foundation. The Declaration of Michael Bego submitted by

25  Defendants in support of their Motion to Compel Arbitration (the "Bego Declaration") lacks the

26  foundation required by Federal Rule of Evidence 602.

27          Mr. Bego claims in Paragraph 1 of his declaration that he "was acting President of

28  Xandros from May 2001 through May 2002" and that he is "currently Vice President of Linux

SAN/63200.3                                                    02 CV 2460 JH(RBB)

1  Global Partners, Inc. and acting as Sales & Marketing Director of Xandros, Inc." However, the

2  veracity of this statement was called into question when Bego contradicted the latter statement in

3  communications with Lindows' president, Kevin Carmony. Specifically, Mr. Bego stated in a

4  March 25, 2003 e-mail to Mr. Carmony that he is not now and has never been an officer or

5  director of Defendant LGP. (Carmony Decl., Ex. A). Further, in a letter to Mr. Carmony dated

6  March 28, 2003, Mr. Bego states that he is not currently an officer or director of Xandros, Inc.,

7  Xandros Corporation, or Linux Global Partners. (Carmony Decl., Ex. B).

8       Although Bego has refused to appear to testify regarding these matters, both Defendant

9  Roseman and Mr. Berenstein have stated under oath that Bego was never an officer or director of

10  Xandros, Inc.

11       Mr. Frederick Berenstein is a Co-Founder, Co-Chairman, and President/CEO of LGP and

12  hired Mr. Bego to serve in various roles for LGP and Xandros.[1] In Mr. Berenstein's deposition

13  on November 6, 2003, he gave the following testimony with respect to Mr. Bego's positions with

14  Xandros, Inc.:[2]

15       **Q.** Has Mr. Bego, to your knowledge, ever been an officer or director of Xandros, Inc.?
     **A.** No.
16

17       Mr. William Roseman is the other Co-Founder of LGP and, additionally, has been a

18  director of Xandros, Inc. since it's inception.[3] Mr. Roseman's testimony of October 9, 2003

19  agrees with that of Mr. Berenstein:[4]

20       **Q.** ...Has Mr. Bego ever been an employee of Xandros, Inc.?
     **A.** No. I suppose not.
21

22       **Q.** ...Mr. Bego. Has he held any other positions with Xandros, Inc., as an officer or
     director?
     **A.** No.
23

24

25  [1] (Stuart Decl. Ex. X, p. 11-12).

26  [2] (Stuart Decl. Ex. X, p. 12, lns. 5-8).

27  [3] (Stuart Decl. Ex. Y, pp. 13, 15).

28  [4] (Stuart Decl. Ex. Y, p. 22, lns. 8-10 and p. 20, lns. 19-22).

1        Indeed, Mr. Berenstein clarified that Mr. Bego was President of (non-party) Xandros,

2   Corp, but not President of Xandros, Inc.[5]

3        Because Mr. Bego has never been an officer or director of Xandros, Inc., he has

4   insufficient personal knowledge to make the statements concerning Xandros and LGP that he

5   makes in his declaration.  *Ward v. First Fed'l Sav. Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999)

6   (holding that an employee's awareness of statements made by the President and CEO of his

7   company does not establish sufficient personal knowledge for the employee to testify about those

8   statements).  The Bego Declaration should therefore be declared inadmissible as lacking proper

9   foundation under Fed. R. Evid. 602.

10   **2.      Undated, Unsigned Document Entitled "Future Investment" (Exhibit "C" to Bego**

11          **Declaration**

12          OBJECTION: LACK OF FOUNDATION.  Lindows objects to the undated, unsigned document

13   entitled "Future Investment" (the purported "Letter Agreement") attached to the Bego Declaration

14   as Exhibit "C" under Federal Rule of Evidence 901 on the ground that it has not been properly

15   authenticated.  Defendants have not provided sufficient evidence to sustain a finding that the

16   document is what they claim it is.  Defendants offer this document as secondary evidence

17   purporting to establish the existence and contents of an alleged Letter Agreement and they rely

18   upon the Bego Declaration to authenticate the agreement for this purpose.  However, the Bego

19   Declaration does not establish that the provisions of the document accurately represent the terms

20   of any alleged original signed agreement which Bego admits he does not possess.  In addition, the

21   deposition testimony of Mr. Berenstein further undermines Defendants' reliance on the

22   document:

23        **Q.** ... you have never seen a version of [the purported Letter Agreement] in which any of
     the blanks in the document have been filled in; correct?
24        **A.** Not that I can recall, no.

25        **Q.** Do you have any information as to whether or not such a version of [the purported
26   Letter Agreement] ever existed?

27   ─────────────────────

[5] Stuart Decl. Ex. "Y", p. 45, ll. 18-23.

28

**A.** No. Other than what I just told you, which was that Mr. Bego couldn't remember if the document had ever been signed.

(Stuart Decl. Ex. X, p. 32, lns. 12-22).

Finally, Mr. Carmony, Lindows' President, specifically denies that such an agreement was ever signed. (Carmony Decl. ¶ 7). It is thus clear that Defendants' have not established the foundation required by Fed. R. Evid. 901 for this purported Letter Agreement.

OBJECTION: BEST EVIDENCE. Lindows further objects to the purported Letter Agreement under Federal Rule of Evidence 1002 on the ground that it is not the best evidence. Defendants admit that this is not a duplicate of an original signed document. (Bego Decl. ¶ 5). It is therefore inadmissible under Federal Rule of Evidence 1002. Defendants offer the document as secondary evidence of the content of an alleged original signed agreement; however, they offer insufficient evidence to establish that an original ever existed. *Pineland Club v. Robert*, 171 F. 341, 347 (4th Cir. 1909). Finally, even assuming that such a document ever existed, Defendants also fail to present evidence establishing that diligent efforts were made to find it. *Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).

OBJECTION: HEARSAY. Lindows further objects to the document under Federal Rule of Evidence 802 on the ground that it is inadmissible hearsay. The unsigned document is not being offered merely to prove a legal contract existed. Defendants instead offer it as evidence supporting their allegation that the document establishes a relationship between the arbitration agreement of the SAA and the Promissory Notes. To the extent that the unsigned, undated agreement is submitted as such, it is an out of court statement offered to prove the matter Defendants assert and is therefore inadmissible.

OBJECTION: RELEVANCE. Lindows objects to the purported Letter Agreement as irrelevant under Federal Rules of Evidence 401 and 402. An incomplete, unsigned, and undated form does not make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without the evidence.

1   Document Entitled "Amendment of Letter Agreement" Dated December 6, 2001 (Exhibit

2   "E" To Bego Declaration

3   OBJECTION: LACK OF FOUNDATION:  Lindows objects to the document entitled

4   "Amendment of Letter Agreement," dated December 6, 2001 attached to the Bego Declaration as

5   Exhibit "E".  The Amendment has not been properly authenticated under Federal Rule of

6   Evidence 901 as Defendants have not offered sufficient evidence for a finding that the

7   Amendment is what they say it is.  Defendants offer the Amendment as an amendment to a

8   November 20, 2001 Letter Agreement.  However, Defendants do not present the November 20,

9   2001 Letter Agreement.  Instead, Mr. Bego alleges that the Amendment relates to the undated,

10   unsigned document discussed in Objection 2, above.  Mr. Bego's allegation alone, without

11   admissible evidence of the existence and content of the document being amended, is insufficient

12   evidence in light of the fact that a genuine controversy exists as to the existence and content of

13   any alleged November 2001 Letter Agreement.  Further, the Amendment does not refer to the

14   purported Letter Agreement by any specific date.  The Amendment cannot be properly

15   authenticated without evidence that would support a finding that the Letter Agreement it allegedly

16   amends actually exists, and the content of that Agreement being amended.  No such evidence has

17   been presented.

18   OBJECTION: RELEVANCE.  Lindows objects to the Amendment under Federal Rules of

19   Evidence 401 and 402 on the ground that it is irrelevant. This evidence does not make a fact of

20   consequence to the action more or less probable than it would be without the evidence.  The

21   Amendment purports to amend something, but as the objections raised above show, there is

22   genuine controversy regarding the existence and content of any such agreement.

23   OBJECTION: HEARSAY.  Lindows further objects to the Amendment under Federal Rule

24   of Evidence 802 on the ground that it is inadmissible hearsay.  For the same reasons discussed in

25   objection 2, above, the Amendment is an out of court statement offered to prove a matter asserted.

26

27

28

1        Lindows respectfully requests the court sustain the above objections and strike the

2    evidence referred to above.

3    DATED:  January 16, 2004           PAUL, HASTINGS, JANOFSKY & WALKER LLP

4

5    By: _____

6                         COLBERN C. STUART, III

7    Attorneys for Plaintiff
     LINDOWS.COM, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28