USDC SCAN INDEX SHEET










```
TKL    1/20/04    12:54
3:02-CV-02460   LINDOWS.COM INC V. XANDROS INC
*59*
*DECL.*
```

COLBERN C. STUART, III (SBN 177897)
JAMES P. CONLEY (SBN 216639)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
Telephone: (858) 720-2500
Facsimile: (858) 720-2555

Attorneys for Plaintiff
LINDOWS.COM, INC.

FILED
04 JAN 20 AM 9:54
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDOWS.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>XANDROS, INC., a Delaware corporation; LINUX GLOBAL PARTNERS, INC., a Delaware corporation; MICHAEL BEGO, an individual; WILLIAM JAY ROSEMAN, an individual.,<br><br>Defendants. | CASE NO. 02 CV 2460 JAH (RBB)<br><br>**DECLARATION OF KEVIN CARMONY IN SUPPORT OF PLAINTIFF LINDOWS.COM, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Hearing Date: January 30, 2004<br>Time: 2:00 p.m.<br>Judge: Hon. John A. Houston<br>Courtroom: 11, Second Floor<br><br>**ORAL ARGUMENT REQUESTED** |

I, Kevin Carmony, declare and state as follows:

1. I am the President and COO of Lindows.com, Inc. I was the Lindows representative with primary responsibility for negotiating with Xandros, Inc. and Xandros Corporation on behalf of Lindows.com. I have personal knowledge of all facts contained herein and, if called to testify, could and would competently testify thereto.

2. I have negotiated numerous of agreements on behalf of Lindows and other employers as an officer, and it is my habit and practice to agree to arbitration clauses only in agreements which require complicated or involved performance from Lindows. Only in agreements such as these where Lindows could conceivably find itself as a defendant in an action will I agree to the inclusion of an arbitration clause.

SAN/63170.3                                -1-                               02cv2460JAH(RBB)

3. It is my practice *not* to agree to arbitration clauses in agreements in which Lindows' performance is simple, or in which Lindows has no outstanding performance.

4. Consistent with my normal practice described above, I specifically refused to include an arbitration clause in the Promissory Notes because Lindows.com had already performed substantially all of its obligations—loaning $750,000 to Xandros, Inc. However, because Lindows.com's performance under the SAA was more complicated, I did agree to include an arbitration clause in the SAA, which involved Lindows' distribution of the Xandros software product, its marketing of that product, the licensing of that product, and the treatment of confidential information. However, by agreeing to arbitrate disputes concerning the SAA, I did not intend to agree to submit to arbitration any and all disputes which might have arisen between Lindows and Xandros, such as the dispute involving the Promissory Notes. I certainly did not intend to submit disputes with non-parties to the SAA to arbitration.

5. I intended that the Promissory Notes would be enforceable in a court of law and did not intend the Promissory Notes to be subject to the arbitration clause of the SAA.

6. The arbitration clause of the SAA is purposefully narrow, requiring arbitration only of a "controversy or claim arising out of or relating to *this Agreement*." I considered, but rejected, broader arbitration clauses requiring the parties to submit all disputes "relating to" their "relationship."

7. I have conducted a thorough search of Lindows' records relating to these matters and I have no record of the undated, unsigned document entitled "Future Investment" attached to the Bego Declaration as Exhibit "C." I recall that no such document was signed by either party because no agreement regarding "Future Investment" was ever reached between Lindows.com and Xandros, Inc.

8. During my negotiation of the SAA and two Promissory Notes on behalf of Lindows.com, Xandros never indicated that they believed that the Promissory Notes were a "pre-condition" to Xandros entering the SAA, and nothing in the Promissory Notes or the SAA indicates any such intent by the parties.

9. Attached hereto as Exhibit "A" is a true and correct copy of an e-mail sent by Michael Bego to myself on March 25, 2003.

10. Attached hereto as Exhibit "B" is a true and correct copy of a letter sent by Michael Bego to myself on March 28, 2003.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed this 16th day of January, 2004 at San Diego, California.

_____
Kevin Carmony

```
>>-------- Original Message --------
>>Subject: FYI
>>Date: Tue, 25 Mar 2003 15:32:59 -0500
>>From: Michael Bego <michaelb@xandros.com>
>>To: Kevin Carmony <kevin@lindows.com>
>>CC: rickb29 <Rickb29@aol.com>, wroseman@aol.com
>>
>>
>>
>>Hey Kevin,
>>Just got the notice about sending the legal docs over for the
(sealed)
>>msft case. I can send a more formal letter for your records if you
>>request it, but FYI, you should be sending all legal correspondence
to
>>Rick or Will as I haven't been a director or officer of Xandros since
>>last summer and have never been a director or officer of Linux Global
>>Partners.
>>
>>For their address use:
>>Xandros
>>41 E 11th Street, Floor 11
>>New York, New York 10003
>>Fax: 212-331-1106
>>
>>Cheers,
>>Mike
```

EXH _A_ PG _4_

March 28, 2003

Kevin Carmony
Lindows
9333 Genesee Avenue
San Diego, CA 92121

Dear Mr. Carmony,

As I am neither a director nor officer of Xandros, Inc, Xandros Corporation, and Linux Global Partners, please direct all correspondence for these companies to:

Frederick Berenstein
41 E 11th Street, Floor 11
New York, NY 10003
Fax: 212-331-1106

Thank you,

Michael Bego

EXH B PG 5