








KSR    1/27/04    15:54
3:02-CV-02460   LINDOWS.COM INC V. XANDROS INC
*62*
*RPLY.*

1 │ LA BELLA & McNAMARA LLP
    │ THOMAS W. McNAMARA (SBN 127280)
2 │ ANDREW W. ROBERTSON (SBN 062541)
    │ 401 West "A" Street, Suite 2300
3 │ San Diego, California 92101
    │ (619) 696-9200
4 │
    │ Attorneys for Defendants XANDROS, INC.; LINUX GLOBAL
5 │    PARTNERS, INC.; WILLIAM JAY ROSEMAN
6 │

**FILED**

04 JAN 27 AM 11: 06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

**NUNC PRO TUNC**

**JAN 26 2004**

7 │
8 │

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

9 │
10 │
11 │ LINDOWS.COM, INC., a Delaware
    │ corporation,
12 │          Plaintiff,
13 │     v.
14 │ XANDROS, INC., a Delaware corporation;
    │ LINUX GLOBAL PARTNERS, INC., a
15 │ Delaware corporation; MICHAEL BEGO,
    │ an individual; WILLIAM JAY ROSEMAN,
16 │ an individual,
17 │          Defendants.
18 │

)
)
)  Case No.: 02 CV 2460 JAH (RBB)
)
)
)  **DEFENDANTS' REPLY MEMORANDUM
)  IN SUPPORT OF MOTION TO COMPEL
)  ARBITRATION; REQUEST FOR
)  EVIDENTIARY HEARING**
)
)
)  Date:   January 30, 2004
)  Time:   2:00 p.m.
)
)
)

19 │
20 │     Defendants Xandros, Inc. ("Xandros"), Linux Global Partners, Inc. ("LGP") and
21 │ William Jay Roseman ("Roseman") submit that an appropriate procedure at this time
22 │ would be to calendar an evidentiary hearing, set an absolute deadline for Bego's
23 │ deposition, and proceed to resolve this arbitration motion on the merits. Any ruling
24 │ on the merits without an evidentiary hearing would improperly deny Defendants their
25 │ right to an evidentiary hearing as originally ordered by Judge Moskowitz. Plaintiff can
26 │ assert any challenges to Mr. Bego's testimony at that hearing.
27 │
28 │



1        These Defendants have applied separately to the Court to continue the

2    hearing on the Motion to Compel Arbitration so Plaintiff may have its deposition of

3    Michael Bego ("Bego").  Such a continuance will not prejudice Plaintiff.  The absence

4    of a continuance will prejudice moving parties if it leads to limitations on Bego's

5    testimony.  Now that Bego has asserted a conflict and secured separate counsel,

6    moving parties also have a strong independent interest in, and need for, Bego's

7    deposition testimony.

8    I.

9    **Request for Evidentiary Hearing**

10       This motion was orphaned when Judge Moskowitz ruled on May 7, 2003 that

11   issues of fact raised by the motion would have to be resolved by a brief evidentiary

12   hearing.  But, no formal procedures were established for such a hearing.  From there,

13   Plaintiff launched a barrage of discovery - deposition notices, interrogatories,

14   requests to admit and requests to produce - which were not remotely limited to the

15   narrow issues of arbitration.  Defendants served no discovery, intending instead to

16   call Plaintiff's CEO, Mr. Carmony, for the evidentiary hearing.

17       When the parties could not resolve the issues raised by Plaintiff's discovery,

18   Judge Brooks restored order and drastically limited Plaintiff's discovery.  All of that

19   discovery was thereafter completed with the sole exception of the two-hour

20   deposition of Michael Bego.  Mr. Bego was scheduled to be deposed in the same

21   time frame as the other deponents, but his departure from the company raised a

22   conflict, and he insisted on separate counsel before proceeding with a deposition.

23   An arrangement had to be negotiated and completed with his former employer - that

24   has now been completed and Mr. Bego has counsel who is ready to produce him for

25   deposition.

26       Moving parties are entitled to an evidentiary hearing and a ruling on the merits.

27   Once Plaintiff has deposed Bego, it will have no more diversions to prevent such a

28   

2

1   hearing.  (Even if the Bego Declaration were ignored and/or Bego were prohibited

2   from testifying, moving parties could prove the ultimate fact issues through the

3   testimony of Plaintiff's CEO, Mr. Carmony.)

4                                        II.

5                          **Arbitration Is Appropriate**

6        Defendants position on the merits is straightforward:

7        • The Notes sued upon fall within the scope of the arbitration clause in

8            the Strategic Alliance Agreement ("SAA") because the Notes are

9            integral parts of a larger arrangement. Plaintiff's claims on the Notes

10           are claims "arising out of or relating to" the SAA.

11       • Defendants Roseman and LGP are also entitled to the benefit of the

12           arbitration clause because all of plaintiff's allegations against them

13           relate to conduct as agents of Xandros or LGP. The only allegation

14           against LGP is that it is the alter ego of Xandros.

15   A.   **The Notes Were Part of an Overall Alliance**

16       This record before the court, albeit imperfect, confirms that the Notes were not

17   stand alone loans, but were integrated parts of the overall alliance.

18       **Plaintiff's Complaint**.  Paragraph 14 acknowledges that in August 2001,

19   Plaintiff and Xandros "began negotiating a number of agreements…"

20       **November 20, 2001 Strategic Alliance Agreement**. The SAA recites a wide

21   range of interrelationships, including software license, revenue sharing, and software

22   development.

23       **November 20, 2001 Note and Side Letter Agreement**.  On the same date

24   the SAA is executed, the same parties sign the first $250,000 Note which specifically

25   references a "side letter agreement". The side letter references the SAA and the Note

26   and confirms that the Notes are integrated in the alliance.  Unfortunately, neither

27   party can locate a copy of the side letter as signed – Defendants have submitted an

28   unsigned copy (Ex. "C" to Bego declaration) and have submitted an executed copy of

                                        3

1   an Amendment to that side letter dated December 6 (Exhibit "E" to Bego

2   Declaration). Plaintiff's CEO states in his Declaration that he does not recall the side

3   letter agreement ever being signed by Lindows (Carmony Declaration, Paragraph 9),

4   even though the Amendment to that agreement is signed by him.

5       **December 6, 2001 Note and Amended Side Letter Agreement**.  On

6   December 6, the same parties sign a second $250,000 Note and amended side letter

7   which references the SAA and the Note and further confirms linkage with the SAA.

8       **Bego Declaration.** As Xandros' acting President at the time, he negotiated

9   the arrangement with Lindows and recites that the Notes were part of the alliance.

10   The Declaration of Plaintiff's CEO does not directly contradict the intent that the

11   Notes be subject to arbitration (Carmony Declaration, Paragraphs 3-8).

12   **B.**    <u>The Parties Express No Intention To The Contrary</u>

13       Plaintiff argues that the Notes contain an affirmative statement that the parties

14   intended for any disputes to be resolved in a "court of law".  Plaintiff points only to a

15   boilerplate attorneys fee provision (Paragraph 4.4) which commences "[I]f any action

16   at law or equity...."  That is not an affirmative statement against arbitration, just the

17   preamble to a standard attorneys' fees clause.  An abbreviated version of the same

18   language appears in the SAA (paragraph 16.5).

19   **C.**    <u>Defendants Roseman and Linux Are Also Entitled to Arbitration</u>

20       The law is clear that courts will afford agents, employees and representatives

21   the benefit of arbitration agreements entered into by their principals.  *See Britton v.*

22   *Co-op Banking* Group, 4 F.3d 742 (9th Cir. 1993) and other cases cited at Defendants

23   Memorandum, page 7.

24       Plaintiff suggests that the allegations in its Complaint that these Defendants

25   are agents of Xandros are <u>not</u> entitled to any presumptive truthfulness and that

26   Defendants must independently prove those allegations.  Presumptive truthfulness is

27   a doctrine which protects plaintiffs on Rule 12(b) motions - plaintiffs cannot opt out of

28   its application.  Plaintiff has sued these additional parties on the theory that as agents

4

1   of Xandros and Linux, they misrepresented the imminent investment of Linux into

2   Xandros.  If Xandros is entitled to arbitration, so are these Defendants.  But for their

3   relationship with Xandros, these parties have no connection to this dispute.

4   **D.    Plaintiff's Evidentiary Objections**

5        **Bego Declaration.**  In addition to its efforts to strike Bego's Declaration,

6   Plaintiff objects to the Declaration on foundation grounds on the apparent theory that

7   he must presently be an officer or director to have personal knowledge sufficient to

8   testify about Xandros or Linux. To the contrary, his Declaration provides ample

9   foundation for his personal knowledge of the negotiations with Lindows over the SAA

10  and the Notes – he was Acting President of Xandros from May 2001 to May 2002

11  and in that capacity negotiated the arrangement with Lindows.

12       Plaintiff also proffers the claim that Mr. Bego has somehow "recanted his claim

13  in Paragraph 1 of his Declaration that he is an officer of Linux Global Partners, Inc.

14  and a Director of Xandros".  The Declaration makes no statement that he is an officer

15  of Linux or that he is a Director of Xandros. It states that he is "currently Vice

16  President" of Linux and "acting as Sales & Marketing Director" of Xandros.  He further

17  states that he was Acting President of Xandros from May 2001 to May 2002.  Such is

18  consistent with what he writes to Mr. Carmony in the e-mails submitted by Plaintiff.

19  Vice President is not necessarily synonymous in either legal or anecdotal terms with

20  an officer with power to bind a corporation  – in any event, such a semantic side

21  issue is irrelevant to the substance of the arbitration issue here.

22       **Letter Agreement and Amendment thereto**.  Plaintiff objects to the unsigned

23  Letter Agreement re: Future Investment on foundation, best evidence, hearsay and

24  relevance grounds and objects to the December 6 Amendment to that Letter

25  Agreement on foundation, hearsay and relevance grounds.  The Bego Declaration

26  provides foundation for both, although the absence of a signed copy is an

27  impediment to the authentication of the original side letter.  Given the signed

28

5

1    amendment, Defendants submit that both these letters are legitimate evidence of the

2    interlinked nature of the Notes and the SAA.

3                                     IV.

4               **Plaintiff's Current Opposition Memorandum**

5         Plaintiff's Opposition Memorandum presents several arguments that are

6    without merit and are belied by the law and the clear record.

7    **A.**     **Rule 37 Sanctions**

8         Plaintiff seeks Rule 37 Sanctions against all "Defendants" based on the

9    absence of a deposition of Bego who now has separate counsel and is outside the

10   control of the other Defendants.  There is no proper Rule 37 motion before this Court

11   and no such motion was ever presented to Judge Brooks.  Indeed, Plaintiff's have

12   <u>never</u> brought any motion to compel to any court.  Rather, the parties conducted two

13   discovery conferences before Judge Brooks.  Both resulted in written Minute Orders -

14   the first (Exhibit "A" hereto) severely limited Plaintiff's proposed discovery to

15   telephonic depositions (two-hours for Bego and Roseman, one hour for Berenstein,

16   and one hour for 30(b)(6) witness), and ten document requests limited in time and

17   subject matter;  the second (Exhibit "B" hereto) simply clarified that the depositions

18   could be videotaped.  There were no orders to compel.

19   **B.**     **Misrepresentations as to Proceedings Before This Court**

20         At pages 1-2, Plaintiff misrepresents the record by stating that Judge

21   Moskowitz ordered an evidentiary hearing because of concerns as to the credibility of

22   Defendants' witnesses.  At page 4, Plaintiff states that it "urged the Court to permit

23   the cross-examination of Mr. Bego" and that the Court "granted Plaintiff's request to

24   permit discovery."  At page 8, Plaintiff states that "Judge Moskowitz granted Plaintiff's

25   request for discovery and an evidentiary hearing."

26         This is pure fiction.  Plaintiff made no such requests.  Judge Moskowitz

27   indicated only that the motion raised fact issues which he believed would require an

28

1    evidentiary hearing for resolution - he offered no opinions as to the credibility of any

2    witnesses.

3         Plaintiff's further statement that it made "two trips to Judge Brooks' chambers

4    to compel Defendants to produce witnesses and evidence"  misrepresents the

5    record.  The parties conducted two discovery conferences, the net result of which

6    was that the majority of Plaintiff's discovery requests were rejected.

7    **C.   Bego's Authority**

8         Plaintiff now argues that the SAA is "in fact void *ab initio*" (page 3) because

9    Bego had no authority to bind Xandros.  This is a bad faith argument which has no

10   legitimate basis in the law or the facts as follows:

11        **There is no evidence that Bego did not have authority**.  Neither Roseman

12   nor Berenstein challenged Bego's authority to make the deal.  In fact, they looked to

13   Bego to explain the deal.  (Berenstein deposition, pp. 26, l. 24 - p. 27, l. 3.)  Plaintiff's

14   counsel never asked either witness the question, "Was Mr. Bego authorized to

15   obligate Xandros to the SAA or the Notes?"  Instead, Plaintiff points only to some

16   confused and anecdotal testimony by Roseman and Berenstein as to just what

17   Bego's titles were.  Their apparent confusion is no smoking gun, just imperfect recall

18   of technical titles.  Plaintiff provides only snippets of their testimony, all of which are

19   out of context.  Berenstein specifically testified and cautioned Plaintiff's counsel that

20   he was diagnosed with cancer in September 2000, and that until mid-2002, he was

21   very much removed from Xandros due to chemotherapy, removal of an eye, and a

22   liver operation.  (Berenstein deposition, p. 20, l. 13 - p. 21, l. 6.)  Berenstein also

23   testified that the corporate structure was always informal.  (Berenstein deposition, p.

24   11, l. 23-25.)  Mr. Roseman testified that he had a "horrific memory" for dates and

25   lengths of time (Roseman deposition, p. 14, l. 10-15) and had to rely on Berenstein

26   for details as to who held what title.  (Roseman deposition, p. 20, l. 3-15).

27

28

02 CV 2460 JAH (RBB)
Defendants' Reply Memorandum in
Support of Motion to Compel Arbitration

1    In the end, Plaintiff's effort to inflate any such discrepancies is for naught.

2    Clearly, Mr. Bego represented Xandros, Inc. and Xandros Corp. in negotiation of the

3    SAA.

4    **Plaintiff's Complaint seeks $750,000 based on three Promissory Notes**

5    **signed by Bego as President of Xandros, Inc**. (Exs. A, B and C to Plaintiff's

6    Complaint).  Plaintiff clearly believed Bego had authority to bind Xandros.

7    **Xandros Corporation.**  Plaintiff refers to Xandros Corporation as "non-party

8    Xandros Corp. (a[sic] unrelated subsidiary corporation")(page 2) in an apparent effort

9    to downplay the significance of Bego signing the SAA as President of Xandros

10   Corporation.  In fact, Plaintiff and its counsel are well aware that Xandros Corp. is the

11   operating company based in Canada which is wholly owned by Xandros, Inc.

12   Berenstein testified that LGP loaned Bego to Xandros Corp. to be the acting

13   President (Berenstein deposition,  p. 12, l. 24 - p. 13, line 8).

14                                              **V.**

15                                      **Conclusion**

16   Viewed in the totality of the circumstances, the Notes are not stand alone

17   transactions, but are integral parts of a bigger alliance described by the SAA and

18   related documents. Arbitration is, therefore, the proper vehicle for resolution of

19   Plaintiff's claims on the Notes.

20

21

22   Dated:  January 26, 2004                    LA BELLA & McNAMARA, LLP

23

24                                        By: _____

25                                            ANDREW W. ROBERTSON
                                             Attorneys for Defendants XANDROS,
26                                           INC.; LINUX GLOBAL PARTNERS,
                                             INC.; WILLIAM JAY ROSEMAN

27

28

                                              8

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

LINDOW.COM v. XANDROS                          Case No. 02cv2460 BTM(RBB)

HON. RUBEN B. BROOKS      CT. DEPUTY VICKY LEE                    Rptr.

Attorneys

| Plaintiffs | Defendants |
|---|---|
| Colbern Stuart (present) | Andrew Robertson (present) |
| | |
| | |

PROCEEDINGS:   __x__ In Chambers   _____ In Court   _____ Telephonic

A discovery conference was held.

The depositions of Defendant Michael Bego, Defendant William Roseman, and Mr.
Carmony shall be limited to two hours each. The depositions of Mr.
Berenstein and the 30(b)(6) depositions for Defendants Xandros and LGP are
limited to one hour each. The depositions should proceed telephonically
unless the parties agree to another procedure. The subject matter of the
deposition is not limited to arbitrability of this dispute.

Plaintiff may obtain responses to ten requests for documents directed to a
particular party. The requests are limited to the time period from August 1,
2001, through December 31, 2001. The subject matter of the requests is
limited to the Strategic Alliance Agreement, promissory notes, side
agreements and similar items.

DATE:   August 14, 2003          IT IS SO ORDERED:   _____
                                                      Ruben B. Brooks,
                                                      U.S. Magistrate Judge
cc:  Judge Moskowicz                 INITIALS:  VL (mc/dl)  Deputy
     All Parties of Record

K:\COMMON\BROOKS\CASES\LINDOWG\MINUTY03.wpd

Exhibit "A" 1 of 2

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

LINDOW.COM v. KANDROS                    Case No. 02cv2460 BTM(RBB)

HON. RUBEN B. BROOKS      CT. DEPUTY VICKY LEE                    Rptr.

Attorneys

        Plaintiffs                          Defendants

Colbern Stuart (present)            Andrew Robertson (present)
_____             _____
_____             _____


PROCEEDINGS:  ____ In Chambers  ____ In Court  __X__ Telephonic

A telephonic discovery conference was held.

The Court indicated that there was no prohibition to recording the
depositions previously ordered by stenographer or videographer.


DATE:  October 23, 2003          IT IS SO ORDERED:  _____
                                                    Ruben B. Brooks,
                                                    U.S. Magistrate Judge
c:  Judge Moskowitz                                 INITIALS:  VL (mc/dl)  Deputy
    All Parties of Record

K:\COMMON\BROOKS\CASES\LINDOWS\MINUTES4.wpd

Exhibit "B" 2 of 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

LINDOWS.COM, INC., a Delaware corporation,      )   Case No.:  02 CV 2460 JAH (RBB)
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )
                                                )   **DECLARATION OF SERVICE**
XANDROS, INC., a Delaware corporation; LINUX    )
GLOBAL PARTNERS, INC., a Delaware               )
corporation; MICHAEL BEGO, an individual;       )
WILLIAM JAY ROSEMAN, an individual,             )
                                                )   Date served:     January 26, 2004
            Defendants.                         )
                                                )
_____ )

        I, the undersigned, declare under penalty of perjury that I am over eighteen years of age and
not a party to this action; that I served the above-named person the following documents:
**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION;**
**REQUEST FOR EVIDENTIARY HEARING**

in the following manner (check one):

1)        ____By personally delivering copies to the person served.

2)        ____By causing copies to be delivered, during usual office hours, to the office of the person
          served at the address listed below and left with the person who apparently was in charge.

3)        ____By leaving copies at the dwelling house, usual place of abode, or usual place of business
          of the person served in the presence of a competent member of the household or a person
          apparently in charge of his office or place of business, at least 18 years of age, who was
          informed of the general nature of the papers, and thereafter mailing (by first-class mail,
          postage prepaid) copies to the person served at the place where the copies were left.

4)        ____By placing a copy in a separate envelope, with postage fully prepaid, for each address
          named below and depositing each in the U.S. Mail at San Diego, California on January 26,
          2004.

5)        _✓_By causing such document to be transmitted by facsimile machine to the office(s) of the
          parties indicated below.  The facsimile machine used complied with Rule 2003 and no error
          was reported by the machine.

Colburn Stuart, Esq.                 Edward C. Walton, Esq.
Paul Hastings Janofsky & Walker      Walton & Associates
3579 Valley Centre Drive             402 West Broadway, Suite 1210
San Diego, CA  92130                 San Diego, CA  92101
Tel:  (858) 720-2500                 Tel:  (619) 234-7422
Fax: (858) 720-255                   Fax: (619) 234-4144

Executed on January 26, 2004, at San Diego, California.

                                     _Annie S. Parrish_
                                     Annie S. Parrish

1