















KSR    1/29/04    14:32

3:02-CV-02460   LINDOWS.COM INC V. XANDROS INC

*65*

*OPPM.*

1    COLBERN C. STUART, III (SBN 177897)
      JAMES P. CONLEY (SBN 216639)
2    PAUL, HASTINGS, JANOFSKY & WALKER LLP
      3579 Valley Centre Drive
3    San Diego, CA  92130
      Telephone: (858) 720-2500
4    Facsimile:  (858) 720-2555

5    Attorneys for Plaintiff
      LINDOWS.COM, INC.

6

7

8                 UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11    LINDOWS.COM, INC., a Delaware
      corporation,

12               Plaintiff,

13          vs.

14    XANDROS, INC., a Delaware
      corporation; LINUX GLOBAL
15    PARTNERS, INC., a Delaware
      corporation; MICHAEL BEGO, an
16    individual; WILLIAM JAY ROSEMAN,
      an individual.,

17               Defendants.

18

CASE NO. 02 CV 2460 JAH (RBB)

**PLAINTIFF LINDOWS.COM, INC.'S
OPPOSITION TO (SECOND) EX PARTE
APPLICATION OF DEFENDANTS
XANDROS, INC., LINUX GLOBAL
PARTNERS, INC., AND WILLIAM JAY
ROSEMAN TO CONTINUE HEARING ON
DEFENDANTS' MOTION TO COMPEL
ARBITRATION**

Date:       January 30, 2004
Time:       2:00 p.m.
Courtroom:   11, Second Floor
Judge:      Honorable John A. Houston

19

20         Plaintiff Lindows.com, Inc. ("Lindows.com") opposes Defendants' Ex Parte Application

21 to continue hearing on Defendants' Motion to Compel Arbitration ("Application") as follows:

22                 **I.**      **INTRODUCTION**

23         Defendants Xandros, Inc., Linux Global Partners ("LGP"), and William Jay Roseman

24 have moved this court--yet again--seeking a *second* continuance of the hearing date for their

25 Motion To Compel Arbitration and Dismiss or Stay Action.  This time Defendants' counsel

26 suggests that a further continuance is appropriate because "There will be substantial prejudice to

27 Defendants if their motion is heard and denied *because of Bego's lack of cooperation.*"

28 (Declaration of Andrew W. Robertson, paragraph 5, emphasis added).  Plaintiff submits that

1  Defendants' request to continue the hearing on this matter is not justified by Defendant Michael

2  Bego's "lack of cooperation." Indeed, because Defendants' motion is based solely on the

3  declaration of Mr. Bego--a witness who is refusing to cooperate--Plaintiff submits that the

4  appropriate action is not to continue the hearing, but to exclude Mr. Bego's declaration and

5  exhibits thereto and deny the motion.  Plaintiff respectfully requests herein that the Court not

6  allow Defendants to file a motion based solely upon the declaration of one witness, then seek to

7  delay hearing on that motion because the witness is "uncooperative" when required to submit to

8  cross examination.  Given Mr. Bego's lack of cooperation and the mountain of evidence

9  demonstrating that Mr. Bego was not authorized to bind any defendant, Plaintiff requests that the

10  Court deny Defendants' Ex Parte Application and exclude the Declaration of Michael Bego in

11  Support of Defendants' Motion to Compel Arbitration and Dismiss or Stay Action and all

12  exhibits thereto.

13  **II.     ARGUMENT**

14  Mr. Bego's lack of cooperation is not adequate ground for granting a continuance--

15  especially given that Mr. Bego has established a long track record of repeatedly failing to appear

16  for deposition.  As detailed in Plaintiff's Opposition to Defendants' first Ex Parte Application,

17  Defendants have agreed for *months* to produce the only witness who has submitted a declaration

18  in support of the long-pending motion, but have consistently failed to produce Mr. Bego.[1]

19  Instead, Defendants have offered up excuse after excuse to avoid having to produce Mr. Bego--

20  Plaintiff initially was accommodating to Defendants' requests, agreeing to a number of voluntary

21  "reschedulings" of Mr. Bego's deposition and agreeing to continue the hearing date for

22  Defendants' now-pending motion in order to allow Defendants additional time to produce Mr.

23

24  [1]    The Court is now familiar with the torturous history of Plaintiff's efforts to obtain
    discovery--including Mr. Bego's deposition--from Defendants such that the Plaintiff shall not
25  once again burden the Court with a recitation herein, but respectfully refers the Court to section
    II. C. of Plaintiff's first Opposition To Defendants' Ex Parte Application to Continue Hearing On
26  Motion to Compel Arbitration filed on December 15, 2003, as well as paragraphs 2-38 of the
    Declaration of Colbern C. Stuart In Support of Plaintiff Lindows.com, Inc.'s Opposition to
27  Defendants' Motion to Compel Arbitration filed on January 16, 2004, which are incorporated
    herein by reference.
28

1    Bego. Eventually, Defendants wore out that welcome, and as the November, 2003 deadline for

2    resolving the Defendants' motion to stay this action in favor of arbitration approached, Plaintiff

3    insisted that Mr. Bego appear for deposition. Even so, Defendants continued to fail to produce

4    their "star" witness, forcing Plaintiff to expend considerable effort, including forcing a discovery

5    conference before Magistrate Brooks. Yet, rather than producing Mr. Bego, Defendants simply

6    re-filed their initial motion to compel arbitration *based solely upon the declaration of a witness*

7    *whom Defendants had continuously and repeatedly failed to produce.*[2]

8         It is Defendants who set this ball in motion by moving the Court for relief--it is therefore

9    up to Defendants to comply with the time deadlines they themselves have caused to be set. Mr.

10    Bego's lack of cooperation does not justify a continuance; it justifies exclusion of Mr. Bego's

11    declaration and denial of Defendants' Motion to Compel Arbitration and Dismiss or Stay Action.

12    Moreover, granting Defendants a continuance based solely upon their only witnesses "lack of

13    cooperation" sets a dangerous precedent: any defendant could effectively stall any litigation by

14    filing a pre-answer Rule 12 or Rule 56 motion, then refuse to produce testifying witnesses for

15    cross examination. Plaintiff respectfully suggests that granting continuance after continuance

16    would encourage such an unfair and deceptive practice.

17         Whatever the reason for the sudden dispute between Mr. Bego and the remaining

18    Defendants, such does not excuse Defendants' repeated failure to comply with the discovery rules

19    and orders of this Court. Indeed, it would appear that Mr. Bego's "conflict of interest" with

20    Defendants which caused him to seek separate counsel is behind his ongoing refusal to cooperate

21    in this litigation. As such, Plaintiff submits that Mr. Bego has effectively recanted his declaration

22    testimony. Regardless, Mr. Bego's "lack of cooperation" is not an excuse justifying further

23    continuances; instead it is a grounds to exclude Mr. Bego's testimony and therefore deny

24    Defendants' motion.

25         Finally, a further continuance will cause prejudice to Plaintiff--Defendants owe Plaintiff

26    well over one million dollars in principle, interest and attorney's fees under the three securities

27    [2]    See, (first) Opposition of Plaintiff Lindows.com, Inc. to Ex Parte Application to Continue

28    Hearing on its Motion to Compel Arbitration.

1   agreements; to a small start-up software company such as Lindows.com, this is a significant

2   amount of capital which is now locked up in an endless motion to dismiss.  As such,

3   Lindows.com's ability to survive and thrive is very much affected by these ongoing delays and

4   continuances.  "Justice delayed is justice denied":[3] further delay not only increases costs and

5   jeopardizes Lindows.com, Inc.'s ability to survive and thrive in this harsh economic climate, it

6   also risks altogether depriving Plaintiff of the benefits and protections of the judicial system.  By

7   contrast, if the Application and motion are denied there is no significant prejudice to Defendants

8   who may re-file their Motion once they are able to obtain Mr. Bego's cooperation.

9                               **III.       CONCLUSION**

10          In conclusion, Defendants have "made their bed" by moving the Court based solely upon

11   the declaration of a witness they have repeatedly failed to produce--Plaintiff respectfully submits

12   that the Court not permit Defendants to--yet again--avoid "sleeping in that bed."  Despite

13   Defendants' various representations that Mr. Bego's lack of cooperation is due to a conflict of

14   interest or delays in obtaining counsel, it is but the latest in a series of consistent refusals to make

15   critical discovery.  Another continuance will only encourage such gamesmanship, cause further

16   cost and effort, and further delay Plaintiff's right to a day in court.

17          Plaintiff respectfully requests that the Court deny Defendants' Ex Parte Application.

18   DATED:  January 27, 2004          PAUL, HASTINGS, JANOFSKY & WALKER LLP

19

20                                     By: _____

21                                          COLBERN C. STUART, III

22                                     Attorneys for Plaintiff
                                       LINDOWS.COM, INC.

23

24

25

26

27   _____

28   [3]     William Ewart Gladstone, 1884

**PROOF OF SERVICE**

I am employed in the City and County of San Diego, State of California. I am over the age of 18, and not a party to the within action. My business address is as follows: 12390 El Camino Real, San Diego CA 92130.

On January 27, 2004, I served the foregoing document(s) described as: Plaintiff Lindows.com, Inc.'s Opposition To (Second) Ex Parte Application Of Defendants Xandros, Inc., Linux Global Partners, Inc., And William Jay Roseman To Continue Hearing On Defendants' Motion To Compel Arbitration

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Andrew W. Robertson | Edward C. Walton |
| LaBella & McNamara | Walton & Associates |
| 401 West A Street, Suite 1150 | 402 West Broadway, Suite 1210 |
| San Diego CA 92101 | San Diego, CA 92101 |

☐ **VIA OVERNIGHT MAIL:**

VIA _____:By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on January 27, 2004 with postage thereon fully prepaid, at San Diego, California.

☐ **VIA PERSONAL DELIVERY:**

I caused to be served personally such sealed envelope(s) by hand to the addressee(s).

☒ **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted on January 27, 2004. **[Permitted by written agreement of the parties.]**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 27, 2004, at San Diego, California.

Liz Hoke
Type or Print Name

Signature

SAN/65249.5

· 02 CV 2460 JH (RBB)

```
**********************
***   TX REPORT   ***
**********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 4140 |
| CONNECTION TEL | ##343403##16192344144# |
| CONNECTION ID | |
| ST. TIME | 01/27 15:32 |
| USAGE T | 01'42 |
| PGS. SENT | 6 |
| RESULT | OK |

**Paul, Hastings, Janofsky & Walker** LLP
3579 Valley Centre Drive, San Diego, CA 92130
telephone 858-720-2500 / facsimile 858-720-2555 / www.paulhastings.com

# Paul Hastings

## FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| *from:* | *facsimile:* | *telephone:* | *initials:* |
| Colbern C. Stuart III | (858) 720-2555 | (858) 720-2820 | CS1 |

| | | |
|---|---|---|
| *client name:* Lindows.com | *client matter number:* | 45326.00004 |
| *date:* January 27, 2004 | *pages (with cover):* | _____ |

| *to:* | *company/office:* | *facsimile:* | *telephone:* |
|---|---|---|---|
| Edward C. Walton | Walton & Associates | 619 234 4144 | 619 234 7422 |
| Andrew W. Robertson | LaBella & McNamara | 619 696 9269 | 619 696 9200 |

*comments:*

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2008 |
| CONNECTION TEL | ##353613##16196969269# |
| CONNECTION ID | |
| ST. TIME | 01/27 15:33 |
| USAGE T | 01'14 |
| PGS. SENT | 6 |
| RESULT | OK |

**Paul, Hastings, Janofsky & Walker LLP**
3579 Valley Centre Drive, San Diego, CA 92130
telephone 858-720-2500 / facsimile 858-720-2555 / www.paulhastings.com

# Paul Hastings

## FACSIMILE TRANSMISSION

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Colbern C. Stuart III | (858) 720-2555 | (858) 720-2820 | CS1 |

| | | |
|---|---|---|
| client name: Lindows.com | client matter number: | 45326.00004 |
| date: January 27, 2004 | pages (with cover): | _____ |

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Edward C. Walton | Walton & Associates | 619 234 4144 | 619 234 7422 |
| Andrew W. Robertson | LaBella & McNamara | 619 696 9269 | 619 696 9200 |

**comments:**