USDC SCAN INDEX SHEET

















```
RYC    3/23/04    13:13
3:02-CV-02460   LINDOWS.COM INC V. XANDROS INC
*75*
*DECL.*
```

LA BELLA & McNAMARA LLP
THOMAS W. McNAMARA (SBN 127280)
ANDREW W. ROBERTSON (SBN 062541)
401 West "A" Street, Suite 2300
San Diego, California 92101
(619) 696-9200

Attorneys for Defendants XANDROS, INC.; LINUX GLOBAL
      PARTNERS, INC.; WILLIAM JAY
      ROSEMAN

FILED
04 MAR 22 PM 1:59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

NUNC PRO TUNC
MAR 19 2004

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDOWS.COM, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>XANDROS, INC., a Delaware corporation; LINUX GLOBAL PARTNERS, INC., a Delaware corporation; MICHAEL BEGO, an individual; WILLIAM JAY ROSEMAN, an individual,<br><br>    Defendants. | Case No.: 02 CV 2460 JAH (RBB)<br><br>**DECLARATION OF FREDERICK H. BERENSTEIN IN SUPPORT OF MOTION TO STAY ACTION AND COMPEL ARBITRATION**<br><br>Date: April 9, 2004<br>Time: 2 pm<br>Courtroom: 15 |

I, Dr. Frederick Berenstein, declare as follows:

    1. I am Chairman of Defendant Xandros, Inc. and co-Chairman of Defendant Linux Global Partners, Inc.("LGP") both of which are Delaware corporations with principal offices in New York City. I am also Chairman of Xandros Corporation, a Canadian corporation which is a wholly-owned subsidiary of Xandros, Inc. I make this Declaration to address any confusion as to the titles held by Michael Bego with Xandros, Inc., Xandros Corp, or LGP. I make this Declaration based on my personal

02CV2460
Declaration of Frederick H. Berenstein re:
Motion to Stay Action and Compel Arbitration

knowledge and if called as a witness I could and would competently testify to the facts set forth in this Declaration.

2. Despite my many roles with Xandros, Inc., Xandros Corp and LGP, I was very much removed from the day-to-day activities of these companies from September 2000 through mid-2002 as I was diagnosed with cancer and was subjected to chemotherapy, removal of an eye, and a liver operation. As a result, my memory of events during much of this period is imperfect.

3. My deposition was taken by counsel for Plaintiff Lindows.com on November 6, 2003. During the deposition, I advised counsel for Plaintiff of my health problems and the fact that I was not directly involved in the negotiation of the agreements that are the subject of this case. I was asked assorted questions as to Mr. Bego's roles with the companies. At the time, I recalled and testified that Bego was always an employee of LGP, but LGP loaned him to Xandros Corp to act as interim President. I also recalled then that Mr. Bego had not been the President or a director of Xandros, Inc. as that was my best recollection at the time. I have since reviewed the documents further and sought to refresh my recollection on this narrow issue.

4. Obviously, the Strategic Alliance Agreement between Lindows and Xandros which is in evidence in this case was signed by Mr. Bego as President of Xandros, Inc. and Xandros Corp. Likewise, the three $250,000 Notes from Xandros, Inc. to Lindows were all signed by Mr. Bego as President of Xandros, Inc.

5. I have also reviewed a copy of "Action by Unanimous Written Consent In Lieu of the Organizational Meeting By the Board of Directors of Xandros, Inc." dated August 23, 2001, a true and correct copy of which is attached as Exhibit A. That document contains my signature at page 7 as one of the three initial directors along with Mr. Roseman and Mr. Bego. That Unanimous Written Consent also confirms at page 2 that Mr. Bego was the initial President and Secretary of Xandros, Inc.

6. I have also reviewed the Answers to Interrogatories by Xandros,

2

02CV2460
Declaration of Frederick Berenstein re: Motion
to Stay Action and Compel Arbitration

Inc. and LGP in which both recite that Bego was indeed President of Xandros, Inc. and Xandros Corp.

7. Neither Xandros Corp., Xandros, Inc, LGP nor I personally have ever challenged or questioned the authority of Mr. Bego to enter into the SAA and the Promissory Notes. In addition, these were small start up companies with rather informal management structures where titles were just not a big deal. The only real issue, therefore, seems to be my faulty recollection during the deposition as to Mr. Bego's precise title with Xandros, Inc. and/or Xandros Corp. I stand corrected on that issue as Mr. Bego was denominated the President and a director of both companies.

8. Mr. Bego joined LGP during 2000. Until his departure in 2003, he was always paid by LGP and treated as an LGP employee. While he was sometimes referred to as the VP of Marketing, he was never an officer of LGP. In addition to his employment by LGP, he did at various times hold the title of President and a director of Xandros, Inc. and Xandros Corp.

I declare under penalty of perjury under the laws of the state of New York that the foregoing is true and correct.

Executed at New York, New York this day _10th_ of March, 2004

Frederick Berenstein

Case 3:02-cv-02460-BEN-RBB   Document 75   Filed 03/22/04   PageID.1088   Page 5 of 13

## ACTION BY UNANIMOUS WRITTEN CONSENT
## IN LIEU OF THE ORGANIZATIONAL MEETING
## BY THE BOARD OF DIRECTORS OF
## XANDROS, INC.,
### a Delaware corporation

Under and in accordance with Section 141(f) of the Delaware General Corporation Law (the "Delaware Code"), the undersigned, constituting all of the members of the Board of Directors (the "Board") of Xandros, Inc., a Delaware corporation (the "Corporation"), duly elected by the sole incorporator of the Corporation (the "Incorporator") in accordance with Section 108 of the Delaware Code, hereby execute this instrument to evidence their consent to the taking of the actions set forth herein, and the adoption of the following preambles and resolutions without the holding of a meeting:

### Certificate of Incorporation

RESOLVED, that the Certificate of Incorporation of the Corporation filed with the Delaware Secretary of State on August 23, 2001, be, and the same hereby is, adopted, ratified and affirmed in all respects;

RESOLVED FURTHER, that a certified copy of the Certificate of Incorporation be inserted by the Secretary of the Corporation in the Corporation's Minute Book;

RESOLVED FURTHER, that the Bylaws attached hereto as Exhibit A be, and the same hereby are, adopted as the Bylaws for use by this Corporation;

RESOLVED FURTHER, that the Secretary of the Corporation elected herein be, and hereby is, authorized and directed, for and on behalf of the Corporation, to authenticate the Bylaws as such by executing a Certificate of Adoption of the Bylaws, to insert said Bylaws as so certified in the Corporation's Minute Book, and to see that a copy of said Bylaws similarly certified be kept at the principal office of the Corporation, as required by law; and

RESOLVED FURTHER, that all actions heretofore taken on behalf of the Corporation by the Incorporator be, and they hereby are, ratified and affirmed as the authorized acts of the Corporation in all respects.

### Number of Directors

RESOLVED, that the number of directors which shall constitute the whole Board shall be three (3).

### Election of Officers

RESOLVED, that the following individuals be, and they hereby are, elected as officers of the Corporation, to hold their offices until their successors

have been elected and qualified, or until their earlier death, resignation or removal:

| Name | Office |
|---|---|
| William Roseman | Chairman and Chief Executive Officer |
| Michael Bego | President and Secretary |
| Frederick Berenstein | Chief Operating Officer and Chief Technology Officer |

### Corporate Seal

RESOLVED, that the standard form of corporate seal be, and it hereby is, adopted as the seal of the Corporation.

### Principal Office

RESOLVED, that the principal executive office of the Corporation shall initially be at 177 East 79th Street, New York, New York 10021.

### Management Powers

RESOLVED, that the officers of the Corporation be, and they hereby are, authorized to sign and execute in the name of the Corporation all applications, contracts, leases and other deeds and documents or instruments in writing of whatsoever nature that may be required in the ordinary course of the business of the Corporation and that may be necessary to secure for operation of the corporate affairs, governmental permits and licenses for, and incidental to, the lawful operations of the business of the Corporation, and to do such acts and things as such officers deem necessary or advisable to fulfill such legal requirements as are applicable to the Corporation and its business.

### Stock Certificates

RESOLVED, that the share certificates representing common stock of the Corporation be in substantially the same form as the form of share certificate attached hereto as Exhibit B; and that each such certificate shall bear the name of the Corporation, the number of shares represented thereby, the name of the owner of such shares and the date such shares were issued;

RESOLVED FURTHER, that such share certificates shall be consecutively numbered beginning with "No. 1"; shall be issued only when the signatures of the President and Secretary (or other such officers of the Corporation as provided in Section 158 of the Delaware Code), and the corporate seal are affixed thereto; and may also bear other wording relating to the ownership, issuance and transferability of the shares represented thereby; and

2.

RESOLVED FURTHER, that the Secretary of the Corporation is directed to annex the form of share certificate to these minutes.

### Fiscal Year

RESOLVED, that the fiscal year of the Corporation shall end on December 31 of each year.

### Designation of Depository

RESOLVED, that each of the President, Chief Executive Officer and Chief Financial Officer of the Corporation be, and hereby is, authorized:

(a) to designate one or more banks or similar financial institutions as depositories of the funds of the Corporation;

(b) to open, maintain, and close general and special accounts with any such depositories;

(c) to cause to be deposited, from time to time, in such accounts with any such depository, such funds of the Corporation as such officer deems necessary or advisable, and to designate or change the designation of the officer or officers or agent or agents of the Corporation authorized to make such deposits and to endorse checks, drafts, and other instruments for deposit;

(d) to designate, change, or revoke, the designation, from time to time of the officer or officers or agent or agents of the Corporation authorized to sign or countersign checks, drafts, or other orders for the payment of money issued in the name of the Corporation against any funds deposited in any of such accounts;

(e) to authorize the use of facsimile signatures for the signing or countersigning of checks, drafts, or other orders for the payment of money, and to enter into such agreements as banks and similar financial institutions customarily require as a condition for permitting the use of facsimile signatures; and

(f) to make such general and special rules and regulations with respect to such accounts as they may deem necessary or advisable and to complete, execute, and certify any customary printed blank signature card forms in order to exercise conveniently the authority granted by this resolution (and any resolutions printed on such cards are deemed adopted as a part of this resolution);

RESOLVED FURTHER, that all form resolutions required from time to time by any such depository be, and they hereby are, adopted in such form used by such depository, and that the Secretary of the Corporation be, and hereby is, authorized to certify such resolutions as having been adopted by the Board at this

3.

PALLID:VH(CMI)304608.04(RYN+041.DOC)

Exhibit A 6 of 10

meeting and that the Secretary be, and hereby is, directed to insert a copy of any such form resolutions in the Minute Book immediately following these resolutions; and

RESOLVED FURTHER, that any such depository to which a certified copy of these resolutions has been delivered by the Secretary of the Corporation be, and it hereby is, authorized and entitled to rely upon such resolutions for all purposes until it shall have received written notice of the revocation or amendment of these resolutions adopted by the Board.

### Sale of Common Stock

RESOLVED, that the Board hereby determines, after consideration of all relevant factors, that the fair market value of the Corporation's Common Stock as of the date hereof is $0.001 per share;

RESOLVED FURTHER, that subject to prior compliance with federal and state securities laws (the "Securities Laws"), the proper officers of the Corporation be, and each of them hereby is, authorized and directed, for and on behalf of the Corporation, to sell an aggregate of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ shares of its Common Stock at a purchase price of ▉▉▉▉ per share, payable in cash, as follows:

| Name | # of shares | Total purchase price |
|---|---|---|
| Linux Global Partners, Inc. | ▉▉▉▉▉ | ▉▉▉▉▉ |
| Xandros Corporation | ▉▉▉▉▉ | ▉▉▉▉▉ |

RESOLVED FURTHER, that the sale and issuance of Common Stock to the above-named entity shall be conditioned upon the receipt by the Corporation of the purchase price of said stock pursuant to a stock purchase agreement, as signed by each of the above named persons, substantially in the form attached hereto as Exhibit C, the receipt and sufficiency of which is hereby acknowledged by the Board on behalf of the Corporation;

RESOLVED FURTHER, that upon the issuance and sale in accordance with the foregoing resolutions, such shares of Common Stock shall be fully paid and non-assessable shares of the Corporation;

RESOLVED FURTHER, that the appropriate officers of the Corporation be, and each of them hereby is, authorized and directed, for and on behalf of the Corporation, (a) to take all actions necessary to comply with the Securities Laws with respect to the above-described issuance of shares, (b) to thereafter issue on behalf of this Corporation, pursuant to the authorization above, the shares of Common Stock described above, and (c) to take such other action as they may

4.

PALLIB1\HGM\130460S.04(RYN#04!.DOC)

deem necessary or appropriate to carry out the issuance of the shares and the intent of these resolutions.

### Proprietary Information and Inventions Agreement

RESOLVED, that the form of Proprietary Information and Inventions Agreement attached hereto as Exhibit D be, and it hereby is, adopted, ratified and approved and that the officers of the Corporation be, and they hereby are, authorized and directed to have each of the employees of the Corporation execute an agreement in such form.

### Consultant Proprietary Information Nondisclosure Agreement

RESOLVED, that the form of the Consultant Proprietary Information Nondisclosure Agreement, attached hereto as Exhibit E, be, and it hereby is, adopted, ratified and approved and that the officers of the Corporation be, and they hereby are, authorized and directed to have each of the consultants of the Corporation execute an agreement in such form.

### Nondisclosure Agreement

RESOLVED, that the form of the Nondisclosure Agreement, attached hereto as Exhibit F, be, and it hereby is, adopted, ratified and approved.

### Indemnification Agreement

RESOLVED, that the form of officer and director Indemnification Agreement, attached hereto as Exhibit G, be, and it hereby is, adopted, ratified and approved and that the officers of the Corporation be, and they hereby are, authorized and directed to have each of the officers and directors of the Corporation execute an agreement in such form.

### Mutual Nondisclosure Agreement

RESOLVED, that the form of the Mutual Nondisclosure Agreement, attached hereto as Exhibit H, be, and it hereby is, adopted, ratified and approved.

### Form of Offer Letter

RESOLVED, that the form of the Offer Letter, attached hereto as Exhibit I, be, and it hereby is, adopted, ratified and approved.

### Incorporation Expenses

RESOLVED, that the officers of this Corporation be, and they hereby are, authorized and directed to pay the expenses of the incorporation and organization of this Corporation.

5.

### Authorization of Further Actions

RESOLVED, that the appropriate officers of the Corporation be, and each of them hereby is, authorized and directed, for and on behalf of the Corporation, to execute all documents and take such further action as they may deem necessary, appropriate or advisable to effect the purposes of each of the foregoing resolutions.

*[Signature Page Follows]*

PALLIB1\HGM\1304008 04(RYN#04!.DOC)

6.

Exhibit A 9 of 10

**IN WITNESS WHEREOF**, the undersigned have executed this Action By Written Consent as of August 23, 2001.

Directors:

_____
William Roseman

_____
Michael Bego

_____
Frederick Berenstein

7.

Exhibit A 10 of 10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDOWS.COM, INC., a Delaware corporation, | Case No.: 02 CV 2460 JAH (RBB) |
| Plaintiff, | |
| v. | **DECLARATION OF SERVICE** |
| XANDROS, INC., a Delaware corporation; LINUX GLOBAL PARTNERS, INC., a Delaware corporation; MICHAEL BEGO, an individual; WILLIAM JAY ROSEMAN, an individual, | |
| | Date served: March 19, 2004 |
| Defendants. | |

I, the undersigned, declare under penalty of perjury that I am over eighteen years of age and not a party to this action; that I served the above-named person the following documents:

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATION OF FREDERICK BERENSTEIN**

in the following manner (check one):

1) ____By personally delivering copies to the person served.

2) ____By causing copies to be delivered, during usual office hours, to the office of the person served at the address listed below and left with the person who apparently was in charge.

3) ____By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4) ✓ By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at San Diego, California on March 19, 2004.

| | |
|---|---|
| Colburn Stuart, Esq. | Edward C. Walton, Esq. |
| Paul Hastings Janofsky & Walker | Walton & Associates |
| 3579 Valley Centre Drive | 402 West Broadway, Suite 1210 |
| San Diego, CA 92130 | San Diego, CA 92101 |
| Tel: (858) 720-2500 | Tel: (619) 234-7422 |
| Fax: (858) 720-255 | Fax: (619) 234-4144 |

5) ____By causing such document to be transmitted by facsimile machine to the office(s) of the parties indicated above. The facsimile machine used complied with Rule 2003 and no error was reported by the machine.

Executed on March 19, 2004 at San Diego, California.

_Annie S. Parrish_
Annie S. Parrish

1